## Lydia Hitzeman v. August Hitzeman.

1. Divorce—*Insufficient Evidence to Support Allegation of Desertion.*—The court reviews the evidence and is of the opinion that it entirely fails to support the charge in the bill that defendant deserted the bed and board of complainant.

**Bill for a Divorce.**—Appeal from the Circuit Court of Randolph County; the Hon. William Hartzell, Judge presiding. Heard in this court at the August term, 1902. Reversed and remanded. Opinion filed March 2, 1903.

Joseph W. Rickert and William M. Schuwerk, attorneys for appellant.

James A. McIlwain, R. J. Goddard and Adam Russell, attorneys for appellee.

Mr. Presiding Justice Bigelow delivered the opinion of the court.

This is a bill in chancery, brought by appellee against appellant, for a divorce.

The parties are young people of German descent, and resided and were brought up in the same neighborhood in Randolph county, in this state. They were married April 28, 1898, and lived and cohabited together but a few weeks after their marriage, and appellee alleges in his bill, that appellant, without any just or legal cause, on the 5th day of June, after the marriage, willfully deserted and absented herself from appellee's bed and board, for the space of over two years, and so continued such desertion until the filing of appellee's bill.

Appellant answered the bill, admitting the marriage as stated in the bill; averring that from the day of her marriage to the 2d day of June thereafter she lived and cohabited with her husband and performed all of her duties and obligations as a dutiful, chaste and affectionate wife to him; denied that she deserted appellee, as alleged in his bill of complaint; averred that appellee, on or about the 2d of June, 1898, without any just or reasonable

cause, and wholly regardless of his marriage covenants and duty, deserted and abandoned appellant at the home of Frederick Hitzeman, the father of appellee, where appellant and appellee were then residing, and has persisted in remaining absent from appellant and has failed and neglected to provide the necessaries of life for her, for a period of upward of two years past.

Appellee filed a replication to appellant's answer, and the cause was heard by the court, who rendered a decree in favor of complainant below, except as to costs, which were decreed to be paid by appellee, and the defendant below has brought this appeal and assigns as error, the admission of improper evidence on the part of complainant; the rejection of proper evidence on the part of defendant; and that the court erred in its finding and decree in favor of appellee.

Since we know of no rule of chancery procedure that allows the taking of exceptions to the rulings of the chancellor on the introduction or rejection of evidence, in a case tried before him without a jury, and the assigning the rulings as error, we shall not venture upon such a field of practice.

The only assignment of error, then, to be considered, is the finding of the court on the evidence, and entering the decree it did.

The most of the evidence in the case is furnished by the immediate parties to the suit, their parents, relatives, and pastor of their church. A careful reading of their testimony, as reported in full, discloses a state of affairs seldom met with. There is one element in the testimony that might with profit have been kept out, or rather, it should not have existed, but it is often difficult to repress the self-wise, officious persons, found in most communities, from volunteering advice and counsel, which, even if but momentarily listened to by persons of a better quality than themselves, carries a blight, instead of healing with it. And that, we think, is the primary cause that brought about this suit.

We do not choose to go into an extended examination and discussion of the evidence, though there is not a considerable portion of it bearing upon the issue made by the pleadings, since in this case as brought, it does not matter what infirmitives, if any, appellant labored under, as the single question to be tried was, did appellant, without cause, desert and remain absent from appellee for the period of two years? On the evidence as it stands, the question may be made broader, and the question asked, did appellant, at any time, with or without cause, willfully or otherwise, desert from appellee and remain absent from him?

The evidence shows that immediately after their marriage, the young couple went to live with appellee's father, (who was a widower having one child at home, a girl ten years of age), and by an arrangement between appellee and his father, appellee was to conduct and carry on his father's farm and all were to live as one family.

The evidence further shows that appellant did her share in the housework and assisted in milking five or six cows, and conducted herself properly in all respects. The evidence further shows that about the 2d day of June, after the marriage, appellee left appellant, while she was at his father's house, and we are satisfied that his father directed appellant to leave and go home to her father, which she did a day or two afterward.

Not long after that, a conference was had among the relatives of the parties at which the pastor of the church to which they seemed to have belonged, was present, giving both legal and spiritual advice, and although the legal advice was barren of sound law, it seems to have strengthened appellee's determination not to live with his wife, although she was willing to live with him, on condition that he should come to her father's house and get her; but this he refused to do, and soon after went to Minnesota and was gone more than a year before returning, and then did not return to his wife, who, after being deserted, went out to work to earn a living.

But we deem it unnecessary to pursue the evidence further, and are of the opinion that it entirely fails to support the charge in the bill that appellant deserted the " bed and board " of appellee, and that appellee's case is devoid of merit.

The decree will therefore be reversed and the cause remanded to the Circuit Court, with directions to the court to require appellee to pay appellant's reasonable solicitor's fee, and other expenses incurred in defending the suit, if petitioned for, and to dismiss the bill at complainant's cost.

Reversed and remanded with directions.