214

Ray E. Mischler, Appellee, v. Catherine L. Mischler, Appellant.

Gen. No. 44,127.

January 5, 1948. Rehearing denied February 10, 1948. Released for publication February 10, 1948.

GREEN & COSTIGAN, of Chicago, for appellant; RICH-ARD J. GLEASON and ROBERT H. SHULTZ, both of Chicago, of counsel.

GEORGE C. THOMPSON and CHARLES RALPH JOHNSTON, both of Chicago, for appellee; CHARLES RALPH JOHNSTON, of Chicago, of counsel.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Defendant appeals from a decree of divorce granted her husband on the ground of desertion. Counsel agree that the sole question is whether or not plaintiff proved that his wife had deserted him.

The parties were married September 20, 1930, and two girls born of the marriage, aged 15 and 10 years, have at all times been in the custody of the wife. The complaint charges that on December 21, 1944, she wilfully deserted plaintiff without reasonable cause. Plaintiff testified that he had been transferred by the firm by which he was employed, from Chicago to Mansfield, Ohio, in December 1944, and on December 21, 1944, he and defendant agreed that in as much as he was going to be 52 miles from defendant's home town, Sandusky, Ohio, defendant should go back and stay with her parents and enter the children in school until such time as he could find a home in Mansfield; that after going to Sandusky defendant returned in a few weeks to Chicago where she re-entered the children in school; that he came from Mansfield to Chicago on several occasions to talk the situation over with defendant and she agreed she would stay in Chicago with the children until the school term was out, in June, 1945. On the Wednesday following Easter, in April, defendant advised plaintiff that she was taking the children to her mother's in Sandusky, Ohio. This was against his wishes. Plaintiff lost his position in

Ohio April 26, 1945, and the following day went to Sandusky to talk over the situation with defendant. He immediately came to Chicago to see the man who was formerly his superior and went to the home he was renting at 8053 S. Paulina street. He testified that he attempted to reach defendant by telephone at Sandusky, Ohio and was told by his oldest daughter that defendant came to Chicago May 1, 1945; that she went to her brother's home and made no effort to contact him. On May 3 he was served with a summons in a separate maintenance action brought by defendant. On cross-examination plaintiff testified that he had previously stated that he had not lived with his wife since the early part of April; that since that time he had never offered to make a home and live with her and was not then willing to do so; that he didn't want to live with her and didn't want her to come back; that he closed up the home after the separate maintenance suit; that this was dismissed within a week.

Defendant testified that she returned to Sandusky, Ohio, the Monday after Easter because she was on the verge of a nervous breakdown and was ill; that she wanted to be near her husband, who was then working in Mansfield, Ohio; that she had not lived with her husband as man and wife since April 1, 1945, and that he had promised to make a home for her; that the first separate maintenance suit was dismissed by agreement of counsel and that she later filed a second suit.

The record shows that during the pendency of the first separate maintenance suit plaintiff and defendant signed what is designated by defendant's counsel a separation agreement. This agreement was not introduced in evidence on the trial. Plaintiff admitted signing it and his counsel asked defendant's counsel if the latter wanted the agreement in evidence, and the answer was "No." After the trial and before the entry of the decree, defendant on December 3, 1946, obtained leave to file a motion to dismiss the complaint, sup-

ported by the affidavit of her attorney. This affidavit recites the filing of the complaint charging desertion and defendant's answer denying the charge; that the case was heard on November 13, 1946, at which time both parties testified to separate maintenance actions brought by defendant against plaintiff; that the first suit was filed May 3, 1945, and dismissed May 10; that the second suit was filed June 9, 1945, and dismissed June 27, 1945; that these suits were prosecuted in good faith. On December 18, 1946, the day the decree was entered, another affidavit was filed by counsel for defendant. This affidavit recites that during the pendency of the first separate maintenance suit, and on May 8, 1945, the parties entered into an agreement known as a separation agreement and that the parties performed and abided by the terms of said agreement from the date of its execution and delivery until the date of hearing in this cause, November 13, 1946. The separation agreement, attached to the affidavit, provides: "WHEREAS, the parties hereto are now living separate and apart, the wife and minor children of the parties hereto, . . . being at the present time living temporarily with the wife's mother, Mrs. C. F. W. Thiem, at 1528 Central Avenue, Sandusky, Ohio, until it is possible for the husband to provide a home where the parties hereto, should they so agree, and the minor children may reside together," and, after reciting the personal property owned by plaintiff and the insurance policies on the lives of the parties thereto and their children, provides: "Now, THEREFORE, it is hereby agreed as follows: 1. The wife and the minor children of the parties hereto will temporarily reside with her mother at Sandusky, Ohio. 2. The household furniture and personal effects of the parties hereto will be kept at Millott's Storage Company, Sandusky, Ohio. 3. The husband agrees during the period of time that the wife and children remain at the home of her mother in Sandusky, Ohio, to pay to the wife the sum of Forty Dol-

lars ($40.00) per week each and every week, as and for her support of the minor children of the parties hereto. . . . 5. The wife will dismiss a certain complaint for separate maintenance heretofore filed in the Superior Court of Cook County, Illinois, on May 3, 1945, therein generally numbered 45 S 8186, to which she is party plaintiff and the husband is party defendant.'' On December 9, prior to the filing of the affidavit setting up the separation agreement, plaintiff filed an answer to defendant's motion, admitting the institution and pendency of the two separate maintenance suits brought by defendant but denying that such suits were prosecuted in good faith. Plaintiff did not request permission to reply to the affidavit filed on defendant's behalf on December 18, 1946, and no order directing him to reply or granting leave to do so was entered. Defendant's motion was denied and the decree appealed from entered on the same day.

Defendant's motion was irregular and not based upon any of the grounds stated in section 48 of the Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 172; Jones Ill. Stats. Ann. 104.048] authorizing motions to dismiss for certain matters of record and not appearing of record. Defendant's motion was properly denied. However, because the State is vitally interested in preserving the marital relation, it has been repeatedly held that there are three parties to a divorce action—the husband, the wife and the State, and, as held in *Johnson v. Johnson*, 381 Ill. 362, 370, 372, in the absence of a statute designating a representative of the State in such proceedings, the court represents the interest of the State. It is therefore the duty of the court, as representative of the State, when a fact or circumstance appears in evidence which might affect the right to a divorce, to require a full and complete disclosure of all material matters if the parties themselves fail to take such steps. Therefore, when it appeared on the trial that the plaintiff had

signed what was designated as a separation agreement, and when the terms of that agreement were disclosed to the court by defendant's motion to dismiss, it was the duty of the court to have the matter gone into thoroughly and all material facts relating thereto received in evidence. If we were not of the opinion that upon other evidence in the record plaintiff is not entitled to a decree of divorce, we would reverse the cause and remand it for presentation of the facts relating to the separation agreement.

■ Independent of the separation agreement, it appears from the evidence without contradiction that from and after December 21, 1944, plaintiff and defendant were living separate and apart by agreement, this arrangement being necessitated by plaintiff's transfer to Mansfield, Ohio, and his inability to obtain a home there for his wife and children. It also appears from plaintiff's own testimony that since the early part of April 1945, he had not lived with his wife, and since that time he had not offered to make a home and live with her, and that he was at the time of the trial unwilling to do so and did not then want to live with her. Upon this state of facts plaintiff was not entitled to a divorce. *Floberg v. Floberg,* 358 Ill. 626; *Hitzeman v. Hitzeman,* 106 Ill. App. 459.

The decree is reversed.

*Reversed.*

FEINBERG and O'CONNOR, JJ., concur.