Nancy Gonzalez, Appellee, v. Victor Gonzalez, Jr., Appellant.

**Gen. No. 46,571.**

First District, First Division.

June 22, 1955.

Released for publication July 14, 1955.

Seidner & Seidner, of Chicago, for appellant; Emmanuel John Seidner, of Chicago, of counsel.

Irving Eisenman, and A. C. Lewis, both of Chicago, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

Plaintiff filed her complaint for divorce charging defendant with extreme and repeated cruelty, as well as desertion. Defendant's answer denied the charges of cruelty, denied that he had deserted defendant, and, on the contrary, averred that plaintiff had deserted him. He also filed a counterclaim for divorce charging plaintiff with desertion. The issues raised by the pleadings were tried by jury. During the early part of the trial, and before plaintiff had completed her case under the complaint, and outside the presence of the jury, defendant presented to the court his written special motion to dismiss his counterclaim on the

ground that the securing of a divorce was repugnant to his religious belief. The trial judge entered an order denying the special motion. Subsequently the jury brought back two verdicts under which the issues on the complaint and counterclaim were found in favor of defendant. Immediately after these verdicts were returned defendant renewed his motion for the voluntary dismissal of his counterclaim, based upon the same special motion to dismiss, and supported by affidavit. The court entered an order dismissing the counterclaim *with prejudice*. At the same time the court entered a decree on the verdict on plaintiff's complaint, dismissing her complaint for want of equity. Later plaintiff filed a written motion requesting the court "to vacate and set aside the decretal order entered in this cause dismissing the Counterclaim of the Defendant"; and also "to set aside and vacate the decretal order entered in this cause dismissing the Complaint for want of equity; . . . to enter a judgment non obstante veredicto; . . . and in the alternative, to grant the Plaintiff a new trial." Without ruling on plaintiff's motion to vacate and set aside the decree dismissing the counterclaim of defendant, the court entered an order allowing plaintiff's motion to vacate and set aside the order dismissing the complaint for want of equity, denying plaintiff's motion for judgment non obstante veredicto, and granting a new trial. Defendant appeals from the order entered dismissing *with prejudice* his counterclaim.

The question presented is whether the court erred in ordering the dismissal with prejudice of defendant's counterclaim for divorce in response to his motion for voluntary dismissal, after verdicts in his favor were rendered on both the complaint and counterclaim.

Defendant's counsel say that they have been unable to find any precedent in the law of Illinois for such an order, and we know of none. Although voluntary dismissal after trial has commenced is not allowable,

courts have gone no further than to deny motions of that kind. When the jury returned its verdict in defendant's favor on the counterclaim, he was entitled to the entry of a decree for divorce. However, in the early part of the trial and before plaintiff had completed her case on the complaint, he had presented his written special motion to dismiss on the ground that the securing of a divorce was repugnant to his religious belief, and he supported said motion by a sufficient affidavit. After defendant's motion for the voluntary dismissal of the counterclaim was denied by the court in the first instance, defendant's attitude did not change, and immediately after the jury returned its verdict on the counterclaim in his favor, he renewed his motion, based on the same ground and affidavit. No objection was raised by plaintiff to the motion. The court was then called upon to determine whether defendant was or was not entitled to the voluntary dismissal. The merits of the counterclaim had been decided by the jury in his favor. We think that under the circumstances and in accordance with the public policy of the State the court should have allowed the motion; refusal to do so constituted a final adjudication of the counterclaim on its merits after the verdict of the jury in defendant's favor. In Fidelity & Casualty Co. of New York v. Heitman Trust Co., 317 Ill. App. 256, we were required to pass upon the validity and effect of an order dismissing another and related case upon plaintiff's motion for voluntary dismissal and without compliance with section 52 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 176; Jones Ill. Stats. Ann. 104.052]. It was there argued that the dismissal of the other case (likewise a superior court proceeding) was res adjudicata. In holding that even the failure to comply with section 52 of the Civil Practice Act did not have the effect of making the order of dismissal a final adjudication, the court said: "In any event, the failure of plaintiff to

313

comply with the procedural provision of the act, could not have the effect of making the order of dismissal upon complainant's motion a final adjudication of that cause on its merits." To like effect see Gishwiller v. Hobart, 334 Ill. App. 548.

The term "with prejudice" has a well-recognized legal import; it is the converse of the term "without prejudice" and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final prosecution adverse to the complainant. In re Estate of Crane, 343 Ill. App. 327. We find no cases justifying the entry of an adjudication with prejudice in response to a motion for its voluntary dismissal after a favorable verdict by the jury. In accordance with the Crane case and the decisions of other states cited therein, the court's order in the case at bar operates as an adjudication of the merits of the litigation on the counterclaim. Since plaintiff's complaint was also dismissed it would not be unjust or unfair to her to have the counterclaim dismissed without prejudice, especially in view of the jury's verdicts against her. On the other hand, the order of dismissal with prejudice being an adjudication of the merits of the counterclaim, such action is obviously prejudicial to defendant.

Numerous decisions illustrate judicial policy of granting motions for voluntary dismissals. In Norwood v. Norwood, 333 Ill. App. 469, the reviewing court reversed the chancellor's decree for divorce where plaintiff had petitioned for voluntary dismissal of the suit after the trial but before the decree, upon the ground that defendant was mentally ill. The court there said: "Under the policy of this State all efforts should be expended toward the maintenance of the marital relation rather than its destruction. In Berlingieri v. Berlingieri, 297 Ill. App. 119, [subsequently reversed in Berlingieri v. Berlingieri, 372 Ill. 60, but

without negating this basic concept of the interest of the state in preserving the marital status whenever feasible] it was held that in matters of divorce the State itself is always a party to the suit, and that the 'public policy of the State does not favor divorce but, on the contrary, favors the maintaining of the family relation.' "

The courts have uniformly encouraged the dismissal of divorce actions. The controlling reasons for so doing are clearly stated in Borin v. Borin (Abst.), 343 Ill. App. 649, as follows: "A plaintiff may wish to dismiss her divorce suit in the *hope* of a reconciliation or because she wishes to avoid the finality of a decree breaking family ties, or for a multitude of reasons, emotional or rational, which affect the conduct of litigants in cases of this character. In any event, the courts of Illinois have persistently held that when such a motion is made, it should be allowed."

 Because of the public policy involved in divorce actions they are of a special character. Since the State is considered to be a third party to every such action and has a definite interest in protecting the continuance of the marriage relation without destroying the rights of the parties, the court in its position of protecting the interest of the State should favorably receive motions for the voluntary dismissal of a divorce case and grant them; and here such a course of action would logically follow because of the verdict of the jury in favor of the spouse seeking dismissal. The policy of the State is well expressed in Johnson v. Johnson, 381 Ill. 362, wherein the Supreme Court said that "marriage is a civil contract, to which there are three parties: the husband, the wife, and the State; and while a suit for divorce upon its face is a mere controversy between the parties to the record, yet the public occupies the position of a third party; and it is the duty of the State, in the conservation of

the public morals, to guard the relation. [Citing cases.]" Mischler v. Mischler, 333 Ill. App. 214, is to the same effect.

For the reasons indicated, the order of the circuit court is reversed and the cause remanded with directions to dismiss defendant's counterclaim without prejudice.

Order reversed and cause remanded with directions.

BURKE, P. J. and NIEMEYER, J., concur.