## THE PEOPLE, use, etc.,

### v.

## THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY.

PENAL ACTION BROUGHT BY STATE'S ATTORNEY IN THE NAME OF THE PEOPLE FOR HIS OWN GAIN.—An action of debt brought to recover certain penalties for alleged violations of section 63, chapter 114 of the statute. The suit was brought and prosecuted for the use of the State's attorney. *Held*, that as every person charged with the violation of the public law should receive a fair and impartial trial, it is of the first importance that the officers of the court by whom such person is prosecuted or convicted should be free from all pecuniary interest in his conviction. The court is of the opinion that the court below did not err in refusing to permit the State's attorney to enforce the penal laws of the State in the name of the people for his own gain.

ERROR to the Circuit Court of Piatt county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed January 16, 1883.

Mr. CHARLES HUGHES, Mr. SAMUEL R. REED and Mr. ALBERT EMERSON, for plaintiff in error; cited R. S. 1881, Chap. 114, § 64; S. W. & W. R'y Co. v. The People, 81 Ill. 141.

Messrs. BROWN, KIRBY & RUSSELL, for defendant in error; that the writ of error is denied to the people by statute, cited R. S. 1874, Chap. 38, §§ 280, 437.

If the writ could issue at all, it could not issue from this court: R. S. 1880, Chap. 37.

As to the discretion given to the State's attorney by statute: R. S. Chap. 37, § 207.

No one shall be a judge of his own case: R. v. Justices of Hertfortshire, 6 Q. B. 753; Broom's Legal Maxims, 86; R. S. Chap. 14, § 6.

The State's attorney must act under a sense of official duty and must not lend his name for the use of a private party: The People v. N. C. R. R. Co. 88 Ill. 546; Ould v. Wash. Hospital, 5 Otto, 313.

PER CURIAM.   This was an action of debt brought in the Circuit Court of Piatt county to recover from defendant in error certain penalties for alleged violations of that provision of section 63 of chapter 114 of the statute, as follows: "No railroad corporation shall obstruct any public highway by stopping any train upon, or leaving any car or locomotive engine standing on its track, where the same intersects or crosses such public highway, except for the purpose of receiving or discharging passengers, or to receive the necessary fuel and water, and in no case to exceed ten minutes for each train, car or locomotive engine."

It is provided by section 64 that, "every engineer or conductor violating the provisions of the preceding section shall for each offense forfeit the sum of not less than $10 nor more than $100, to be recovered in an action of debt in the name of the People of the State of Illinois, for the use of any person who may sue for the same, and the corporation on whose road the offense is committed shall be liable for the like sum."

The suit is brought and prosecuted for the use of the State's attorney of Piatt county, for thirty violations of said section 63, the declaration containing that number of counts for separate offenses.

It is contended that it is contrary to public policy to permit the State's attorney to commence and prosecute this suit in his official capacity for his own use and benefit.   Section 5 of chapter 14 of the Revised Statutes, 1874, prescribes the duties of this officer and requires him to "commence and prosecute all suits in his county against railroad and transportation companies, which may be prosecuted in the name of the People of the State of Illinois."   The next section provides for the appointment of a State's attorney to prosecute in all cases when the State's attorney is sick, absent, unable to attend court or interested in the cause pending.

The State's attorney is a public officer elected by the people, commissioned by the governor, required to give bond for the faithful discharge of the duties of his office, and paid, in part, a salary for his services out of the treasury of the State.

He is charged by law with large discretion in prosecuting offenders against the law. He may commence public prosecutions, in his official capacity by information and he may discontinue them when, in his judgment, the ends of justice are satisfied.

In the case of The People ex rel. v. N. C. R. R. Co. 88 Ill. 546, it was said by the court, in speaking of the powers of this officer, " The State's attorney, if the information affects public rights only, may undoubtedly act at the instance of an individual who may furnish him the requisite proofs to authorize him to act, who he may name relator, but he must act under a sense of official duty, and not merely lend his name for the use of a private party, and the proceedings must be official in fact, and not simply official in form but private in fact."

The statute authorizing the commencement of the suit in the name of the People for the use of any one suing, could not have been intended to confer upon the officers of the court charged with the impartial administration of justice, such as the judge, jurors or State's attorney trying the cause, the right to use the machinery of the law for their own private gain.

Every person charged with the violation of the public law, should receive a fair and impartial trial, and to that end it is of the first importance that the officers of the court, by whom he is prosecuted or convicted, should be free from all pecuniary interest in his conviction. The person for whose use this suit was prosecuted was one of the officers of the court, and as such known to be the State's attorney of the county, and we are not prepared to hold that the court erred in refusing to permit him to enforce the penal laws of the State in the name of the People for his own gain.

Judgment affirmed.