(No. 42249.—

THE PEOPLE *ex rel.* Earl Johnson, Appellant, *vs.* FRANK J. PATE, Warden, *et al.,* Appellees.

*Opinion filed December 4, 1970.*

GERALD W. GETTY, Public Defender, of Chicago, (JAMES N. GRAMENOS, Assistant Public Defender, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago,

(JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and JAMES VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The circuit court of Cook County dismissed Earl Johnson's petition for a writ of *habeas corpus,* and he appeals from that judgment directly to this court. Supreme Court Rule 302(a), 43 Ill.2d R. 302(a).

In both a *pro se* petition and an amended petition filed after appointment of counsel, Johnson stated that he was sentenced in 1956 to a term of 99 years imprisonment, and paroled in 1964. While still on parole in January, 1968, he was arrested and indicted for robbery, armed robbery and attempted murder. Bond was set at $10,000 on each charge. Thereafter, a warden's warrant was issued and relator was returned to the Illinois State Penitentiary from the Cook County jail, for determination of his status as a parole violator. Less than a month later, he was returned to the Cook County jail for proceedings upon the *habeas corpus* petition. A series of hearings ensued, at which relator argued that he should be released on bond from imprisonment under the warden's warrant, pending a hearing on his parole status by the Parole and Pardon Board. The circuit court ultimately held that there is no right to bail on a warden's warrant.

Relator does not contest his 1956 conviction and sentencing; his sole challenge is to the authority of the respondents to imprison him, without benefit of bail, pending a hearing to determine whether his parole should be revoked. He contends that the Parole and Pardon Board does not intend to hold such hearing until after trial of the pending indictments, and argues that the warden's warrant was actually issued for the purpose of detaining him until trial; and that its effect is to deny him bail on those charges. While relator has vigorously presented these contentions in the court below

as well as on appeal, it is clear that he proceeds under a misapprehension as to the law governing *habeas corpus* relief in Illinois, and fails to recognize the altered status of a prisoner admitted to parole.

It is also clear that Johnson was not denied bail on the pending indictments; bail had been set on those charges long before the institution of *habeas corpus* proceedings. While he remained in the Cook County jail pending trial due to his failure to make bail, he was served with the warden's warrant and removed to the penitentiary. The authority for the imprisonment in the penitentiary thus derived from the 1956 conviction and sentence, rather than the 1968 indictments.

Admission to parole does not, of course, entitle a prisoner to his discharge. It is simply an alternative method by which he may serve his sentence; a part of the rehabilitative process applicable to those whose history, conduct and prognosis, in the judgment of the Parole and Pardon Board, justify such action. Although not confined in prison, a parolee remains at all times in the custody of the Department of Public Safety, and subject to the authority of the Parole and Pardon Board until expiration of the sentence. (*People ex rel. Scott* v. *Jones,* 44 Ill.2d 343, 347; *People ex rel. Richardson* v. *Ragen,* 400 Ill. 191, 195; Ill. Rev. Stat. 1967, ch. 108, par. 204(f) and (g); Ill. Rev. Stat. 1967, ch. 38, par. 123—1(a).) We have accordingly held a warden's warrant is proper authority for the reincarceration of a parolee, pending a hearing on his status as a parole violator, and in no way deprives a free citizen of his right to liberty. (*People ex rel. Jefferson* v. *Brantley,* 44 Ill.2d 31, 34.) As to relator's contention that he was entitled to bail on the warrant, it should suffice to say there is neither statutory nor constitutional authority supporting this proposition, and no rule or regulation of the Parole and Pardon Board makes provision for such bail. Johnson was retaken in the status of a convicted prisoner under authority of a lawful conviction and

sentence which remained unserved. The constitutional right to bail, accorded persons standing in the status of an accused, is scarcely applicable to proceedings on the warden's warrant for Johnson, who owed many years service on a lawful sentence. See *Aguilera* v. *California Dept. of Corrections,* 247 Cal. App. 2d 150, 55 Cal. Rptr. 292; *In re Hardy* v. *Warden of Queens House of Detention for Men,* 56 Misc. 2d 332, 288 N.Y.S. 2d 541; *January* v. *Porter,* 75 Wash. 2d 768, 453 P.2d 876; *Gaertner* v. *State,* 35 Wis.2d 159, 150 N.W.2d 370; see also, *In re Whitney* (1st cir., 1970), 421 F.2d 337; *Ex parte Cantrell,* 172 Tex. Crim. 646, 362 S.W.2d 115.

By virtue of the judgment of conviction and sentence imposed in 1956, relator was thereafter, whether actually on parole or in prison, properly in the legal custody of the prison authorities, subject to the provisions of the act relating to parole and the regulations issued thereunder. This being true, the conclusion must follow that the Habeas Corpus Act is expressly inapplicable to relator. *Habeas corpus* proceedings are appropriately brought by a person under sentence of imprisonment only when the original judgment of conviction is void, or where the prisoner has subsequently become entitled to his final discharge. (*People ex rel. Jefferson* v. *Brantley,* 44 Ill.2d 31, 34; *People ex rel. Castle* v. *Spivey,* 10 Ill.2d 586.) Section 21 of the Habeas Corpus Act states that "No person shall be discharged under the provisions of this act, if he is in custody either—* * * 2. By virtue of a final judgment or decree of any competent court of civil or criminal jurisdiction, or of any execution issued upon such judgment or decree, unless the time during which such party may be legally detained has expired; * * *." (Ill. Rev. Stat. 1967, ch. 65, par. 21.) Johnson was imprisoned in the penitentiary by virtue of the judgment of conviction and sentence imposed in 1956, and the time during which he may be legally detained has not expired. Thus, section 21 expressly precludes his discharge

under the Habeas Corpus Act. Nor is Johnson within the Act's stated bases for discharge of persons apparently in custody under legal process. The Act also provides for discharge "Where, though the original imprisonment was lawful, yet, by some act, omission or event which has subsequently taken place, the party has become entitled to his discharge." (Ill. Rev. Stat. 1967, ch. 65, par. 22.) The grant of parole obviously did not entitle relator to his discharge, but simply permitted him to serve a portion of his sentence on parole rather than within the penitentiary. During the period of parole, as earlier noted, relator remained in legal custody pending expiration of the sentence and discharge by the Board. Therefore no *habeas corpus* relief has become available by virtue of "some act, omission or event" entitling relator to his discharge subsequent to his original imprisonment.

While Johnson was not entitled to discharge under the Habeas Corpus Act, we do recognize that Rule 21 of the Rules and Regulations of the Parole and Pardon Board provides for an administrative hearing on the question whether he has violated the conditions of his parole. It is as follows:

"When a paroled prisoner is returned to the Illinois State Penitentiary, the State Reformatory for Women or the Illinois State Reformatory at Sheridan upon a warrant issued for a violation of the terms of the Parole Agreement, his or her name shall be placed on the next parole docket prepared in the regular course at the institution where he or she is confined; provided his or her return to the institution is at least ten days prior to the next succeeding meeting of the subcommittee at the institution. Such prisoner shall be heard by the subcommittee of the Parole and Pardon Board which attends the institution, a report shall be made, and the case of the prisoner shall be considered by the Parole and Pardon Board. If the Parole and Pardon Board determines that the prisoner has violated any of the terms and conditions of parole, he or she may be declared a parole violator and the case continued to a future date for further review and consideration. If it is determined that the prisoner has not violated the terms and conditions of parole, the Board shall so

> .declare, and the prisoner shall be ordered to resume parole subject to arrangements for suitable employment and a proper home."

Johnson, however, instituted these *habeas corpus* proceedings with such dispatch that he was in the penitentiary for less than one month prior to the *habeas corpus* hearings, and thus it does not appear that there was any unreasonable delay in implementation of the procedures established in Rule 21. (See, *e.g., People ex rel. Seiler* v. *Hill,* 348 Ill. 441.) However, should relator find in the future that his request for a hearing within a reasonable time is disregarded, it would appear to be an appropriate circumstance for trial court relief under a writ of *mandamus* directing the Parole and Pardon Board to comply with the provisions of its own Rule 21. See *People ex rel. Abner* v. *Kinney,* 30 Ill.2d 201, 206-07.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

*Judgment affirmed.*