THE PEOPLE *ex rel.* ROBERT PETRABORG, Relator-Appellant, *v.* THEODORE P. FIELDS, Chairman, Illinois State Parole and Pardon Board, Respondent-Appellee.

(No. 56721; ▮▮▮▮▮▮▮

First District (4th Division)—October 10, 1973.

*Rehearing denied October 16, 1973.*

Kenneth L. Gillis, Deputy Defender, of Chicago, (Steven Clark, Assistant Appellate Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (James Veldman and Douglas Cannon, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Robert Petraborg, filed a *pro se* petition for a writ of habeas corpus in the Circuit Court of Cook County for relief from a detainer warrant issued by the Illinois Pardon and Parole Board while he was in Federal custody. The petition was dismissed, and the defendant appeals from the dismissal.

The issue for review is whether a writ of habeas corpus is the proper remedy to gain relief from a detainer warrant issued by the Illinois Parole Board and lodged but not executed against a defendant in a Federal prison.

The defendant was convicted of armed robbery in the Circuit Court of Cook County on May 16, 1958, and was sentenced to a term of four to twelve years in the State penitentiary. He was paroled in May of 1963, and on September 25, 1964, while still on parole, he was arrested by Chicago police and then surrendered to Federal authorities. He was then convicted of bank robbery under a Federal statute and sentenced to a fifteen year term in the Federal penitentiary.

No parole violation proceedings were held, but on February 11, 1965, the Illinois Parole Board filed a detainer warrant against the defendant to be executed at the end of the Federal sentence.

In August of 1967, letters were written by the Leavenworth chaplain and a caseworker to Illinois parole authorities requesting withdrawal of the detainer warrant so the defendant would be eligible to participate in certain rehabilitation programs. These requests were rejected.

On July 14, 1971, the defendant filed the instant *pro se* petition for a writ of habeas corpus in which he alleged the Illinois Parole Board had unreasonably abused its obligation to hold a speedy parole violation hearing, and the detainer warrant was void because parole was never revoked and the Illinois sentence had lapsed.

The State filed a motion to dismiss the petition, and at a hearing held on August 4, 1971, the motion to dismiss was sustained.

The petitioner contends a writ of habeas corpus is the proper remedy under section 22 of the Habeas Corpus Act (Ill. Rev. Stat. 1971, ch. 65, par. 22), which provides:

> "If it appears that the prisoner is in custody by virtue of process from any court legally constituted, he can be discharged only for some of the following causes:
>
> *  *  *
>
> 2. Where, though the original imprisonment was lawful, yet, by some act, omission or event which has subsequently taken place, the party has become entitled to his discharge."

The petitioner argues he had a right to a speedy revocation hearing and the denial of a timely hearing constituted an "omission" under the law which entitles him to relief from the detainer warrant, because his entire Illinois sentence has elapsed. It is also the petitioner's position that he should be considered to be in the custody of Illinois authorities because the parole term could not be tolled while he was being denied a speedy parole revocation hearing.

■■ Because a petition for habeas corpus is literally a request for the production of the body, we believe the term "custody" as used in the statute refers to physical control or possession and may not be considered as a concept which is susceptible to a constructive definition.

Here, there can be no doubt the petitioner is in the control and possession of Federal authorities. Consequently, we hold that a writ of habeas corpus is not a proper remedy.

In the alternative, the defendant contends a *pro se* petition should be liberally construed and regarded as a petition for a writ of mandamus, because an indigent *pro se* petitioner cannot be expected to study all Illinois remedies available to him.

■■ The record shows the Public Defender's office was appointed to represent him immediately after Petraborg filed his *pro se* petition. That office then had two weeks to amend the *pro se* petition, but apparently chose not to do so. Under these circumstances we consider it inappropriate to dispense with proper procedural practice.

For these reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN, P. J., and ADESKO, J., concur.