THE PEOPLE *ex rel.* EDWARD C. WILLIAMS, Petitioner-Appellant, *v.* ERNEST E. MORRIS, Warden, Joliet Correctional Center, Respondent-Appellee.

Third District   No. 76-268

Opinion filed November 30, 1976.

Samuel J. Andreano, Public Defender, of Joliet (Kathleen Kallan, Assistant Public Defender, of counsel), for appellant.

Martin Rudman, State's Attorney, of Joliet (Thomas C. Cowgill, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Petitioner, Edward Williams, appeals from the dismissal of his petition for a writ of habeas corpus. The petition, filed on March 4, 1976, alleged that he was presently incarcerated at the Joliet Correctional Center and, although entitled to mandatory release under supervision, had not been released because he was not given credit for time spent in the Cook County jail prior to his conviction. Counsel was appointed to represent petitioner, and on June 11, 1976, the State's motion to dismiss the petition was granted on the ground that petitioner had been released from Joliet on April 7, 1976, and, as a parolee, was not in actual custody and therefore was no longer entitled to seek a writ of habeas corpus.

Section 1 of the Habeas Corpus Act (Ill. Rev. Stat. 1975, ch. 65, par. 1) provides that a writ of habeas corpus may be prosecuted by every person "imprisoned or otherwise restrained of his liberty, except as herein otherwise provided * * *." Section 22 of the same Act provides in relevant part:

> "If it appear that the prisoner is in custody by virtue of process from any court legally constituted, he can be discharged only for some of the following causes:
>
> * * *
>
> 2. Where, though the original imprisonment was lawful, yet, by some act, omission or event which has subsequently taken place, the party has become entitled to his discharge."

Petitioner contends that the conditions imposed on a parolee are such as to cause him to be restrained of his liberty, or in "constructive" custody, within the contemplation of the Habeas Corpus Act, relying on *Jones v. Cunningham* (1963), 371 U.S. 236, 9 L. Ed. 2d 285, 83 S. Ct. 373. Furthermore, the failure to credit his sentence with preconviction time spent in jail is an omission which, if corrected, would entitle him to discharge under section 22(2) of that Act.

■■ We believe, however, that for purposes of section 22 of the Habeas Corpus Act, actual custody or imprisonment is required, and, therefore, a parolee contending that he is entitled to absolute discharge due to the expiration of his sentence is not entitled to bring a habeas corpus action.

■■ We recognize that a parolee remains at all times in the legal custody of the Department of Corrections and subject to the authority of the parole and pardon board until the expiration of his sentence. *People ex rel. Johnson v. Pate* (1970), 47 Ill. 2d 172, 265 N.E.2d 144. However, a parolee is not imprisoned and is subject to reimprisonment only if he violates a condition of his parole. No one has actual custody or physical control of the parolee, and where, as here, the parolee is at liberty to come into court on his own, there is little sense in directing a writ of habeas

corpus to a parole officer or parole board whose only authority to take physical custody of the parolee is dependent upon that parolee's breaching of a condition of his parole. We believe that section 22 of the Habeas Corpus Act is intended to provide relief to a prisoner who has satisfied the judgment under which he is confined and seeks to obtain his release from imprisonment (see, *e.g., People v. Hill* (1931), 344 Ill. 246, 176 N.E. 360), and is not susceptible to a "constructive custody" interpretation. *People ex rel. Petraborg v. Fields* (1st Dist. 1973), 14 Ill. App. 3d 1025, 303 N.E.2d 160; *contra, People ex rel. Gwartney v. Meyer* (5th Dist. 1975), 33 Ill. App. 3d 705, 341 N.E.2d 732.

In *Jones v. Cunningham* (1963), 371 U.S. 236, 9 L. Ed. 2d 285, 83 S. Ct. 373, relied upon by petitioner, the Supreme Court held that a person paroled from a State prison was sufficiently in restraint of his liberty so as to be in the custody of the State Parole Board and was entitled to bring a Federal habeas corpus proceeding. *Jones* is an interpretation of a specific Federal habeas corpus statute (28 *U.S.C.* §2241) on a nonconstitutional basis, and although persuasive authority, is not binding on this court.

■■ A review of other States shows that those jurisdictions have split on the issue of whether the restraints imposed on a parolee are such as to enable him to maintain a State habeas corpus action. (See Annot., 92 A.L.R. 2d 675 (1963); *People ex rel. Wilder v. Markley* (1970), 26 N.Y. 2d 648, 307 N.Y. 2d 672, 255 N.E.2d 784.) Considering the history and nature of habeas corpus, we believe that actual custody is necessary for maintaining this action. Moreover, mandamus is available to petitioner and is the appropriate remedy to compel the Department of Corrections to perform acts which it is by law required to perform. *People ex rel. Abner v. Kinney* (1964), 30 Ill. 2d 201, 195 N.E.2d 651.

We also note that the respondent to this petition is the warden of the Joliet Correctional Center. Petitioner, while on parole, is no longer in the custody of this respondent but is subject to the authority of the Department of Corrections and Board of Pardons and Paroles. Neither petitioner nor his appointed counsel sought leave to add these parties respondent, and, even if a habeas corpus proceeding were the proper remedy for a parolee, the question of credits for preconviction incarceration could not be determined without a response from the correct respondent. See *People ex rel. Gwartney v. Meyer* (5th Dist. 1975), 33 Ill. App. 3d 705, 341 N.E.2d 732.

Based on the foregoing, we hold that the petition for a writ of habeas corpus was properly dismissed, and we therefore affirm the Circuit Court of Will County.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.