JIMMY L. CREEK, Petitioner-Appellant, *v.* HAROLD R. CLARK, Circuit Judge of Madison County, *et al.*, Respondents-Appellees.

Fifth District    No. 79-484

Opinion filed November 26, 1980.—Rehearing denied December 23, 1980.

KARNS, J., dissenting.

Donald E. Groshong, of Groshong & Moorman, Ltd., of East Alton, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Martin N. Ashley and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for appellees.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Petitioner, Jimmy L. Creek, appeals the dismissal of his petition for *habeas corpus* by the circuit court of Madison County. Respondents, four judges of the Third Circuit, have moved that the appeal be dismissed as moot.

Creek was charged by traffic citation with driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501) and improper lane usage (Ill. Rev. Stat. 1977, ch. 95½, par. 11—709) as a result of a November 19, 1978, traffic accident in which one person was killed. Creek posted $100 cash bail. Prior to the appearance date noted on those citations, Creek's counsel notified the trial court that Creek would plead not guilty and requested a jury trial. Also prior to that date an assistant State's attorney filed a motion to dismiss for the reason that "[t]he possibility of felony charges is being investigated." In response to the motion the cause was dismissed. Thereafter Creek was charged by information with reckless homicide. (Ill. Rev. Stat. 1977, ch. 38, par. 9—3.) Creek's bond on this charge was set at $50,000, which he posted by personal recognizance. Later his bond was modified to $25,000 cash and $25,000 personal recognizance, and he posted the requisite $25,000 cash in compliance.

On January 12, 1979, an assistant State's attorney orally moved that the cause be dismissed. The trial court's written order in response to this motion, entered and filed on January 12, 1979, reads in its entirety:

"The above entitled cause having again come on for hearing pursuant to setting and notice for preliminary hearing, on motion of assistant state's attorney Stephanie Robbins, the above entitled cause is hereby dismissed with prejudice.

Defendant's bond ordered discharged according to law.

It is so ordered."

In the lower left margin of the written order the printed legend "Approved" is set forth, beneath which appear the signatures of the assistant State's attorney who made the motion to dismiss and the attorney for the defendant.

On the same date of January 12, 1979, the record sheet of the case contains the following entry:

"Def. appears for Preliminary Hearing. On motion of Assistant State's Attorney Stephanie Robbins, the above entitled cause is hereby dismissed with prejudice. Def. Bond ordered discharged according to law. (See order)."

No transcript of the proceedings in the trial court wherein the assistant State's attorney moved for dismissal appears in the record on appeal. The parties agree the State did not move to vacate the dismissal

order or set it aside and did not appeal it. On February 15, 1979, more than 30 days after the purported dismissal with prejudice, the State filed an indictment charging Creek with reckless homicide based on the same incident. Creek moved to dismiss the cause on the basis of the prior dismissal "with prejudice," but the motion was denied. Subsequently the State filed a traffic complaint charging Creek with driving while under the influence of alcoholic liquor.

Creek's motion to dismiss was argued to the trial court and denied without explanation. Creek then instituted the instant *habeas corpus* action in which he argued, *inter alia*, that the trial court was without jurisdiction of the cause because the January 12, 1979, dismissal "with prejudice" was a final termination on the merits and subsequent prosecution was barred by *res judicata*. The petition for a writ of *habeas corpus* was dismissed after a hearing on the grounds that (1) Creek was not in "custody," (2) he was not in "custody" of the judges named as respondents, and (3) Creek had not exhausted available legal remedies in direct appeal. Creek's petition for rehearing was denied. Creek appeals from that dismissal.

Subsequent to the filing of the briefs in this appeal the respondents moved for dismissal of the appeal on the ground that Creek had since been convicted as charged and that upon sentencing this appeal would become moot. The parties thereafter concurred in a supplementation of the record on appeal which showed that defendant has indeed been sentenced to the Department of Corrections for one year on his conviction of reckless homicide and for six months on his conviction of driving while intoxicated. The parties submitted supplemental briefs on the mootness issue.

In the view we have taken of this case, however, we need not determine the mootness question.

The trial court's order dismissing Creek's petition stated three reasons for that ruling. First, that Creek had not exhausted all other legal remedies prior to *habeas corpus* proceedings; second, that Creek was not actually in custody and that it was therefore inappropriate to seek to require respondents to "produce the body"; and third, that the respondent circuit judges were improperly named as respondents since it could not be said that respondents had actual custody of Creek's body.

We do not, however, consider the propriety of the findings of the trial court in dismissing the petition for *habeas corpus*. We believe Creek has misapprehended his remedy under these facts. It is obvious from an examination of the pleadings in this case and defendant's brief and supplemental brief on appeal that defendant seeks to attack in this case, as he sought in the trial court, the consequences flowing from the January 12, 1979, dismissal of the reckless homicide charge "with prejudice."

■■■ Creek's attempts to obtain release because of the bar of the previous prosecution which was dismissed "with prejudice" upon the motion of the assistant State's attorney have been persistent in both the trial court and in this court. We believe these efforts were accompanied by a meritorious claim and that justice was denied when his plea in bar was rejected. Perhaps goaded by frustration, defendant began this action in *habeas corpus* before trial, conviction and imposition of sentence. While the propriety of the remedy sought is, under the circumstances, open to serious question, the endeavor to present a claim of merit should not be ignored. Accordingly, when the defendant filed the petition for a writ of *habeas corpus* to seek release from further prosecution and incarceration upon a charge the prosecution of which was barred, the trial court should have properly treated the petition as a motion to dismiss the prosecution, vacated the conviction and discharged defendant. Pursuant to the authority of Supreme Court Rule 366(a)(5) (Ill. Rev. Stat. 1979, ch. 110A, par. 366(a)(5)), this court has the power to make any order that ought to have been given and to make any further orders that the case may require. In the exercise of that power we will consider the merits of defendant's appeal as though the trial court had regarded defendant's *habeas corpus* petition as a motion to dismiss charges and vacate the conviction rendered on the charges, treating it as a plea in abatement and plea in bar filed pursuant to section 114—1(a)(2) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 114—1(a)(2)) and section 3—4(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 3—4(a)(2)). We will further regard the petition as having been consolidated with the case in which defendant was prosecuted and convicted.

■■ Having so ordered, we acknowledge that we have in a real sense fashioned a remedy for defendant. We have been guided to this conclusion by these factors: defendant was being prosecuted upon a charge which legally could not be brought; defendant had presented his plea in bar of the prosecution to the trial court, and it had been denied; although defendant had a remedy by direct appeal from conviction and sentence, he sought to use as an alternative a petition for a writ of *habeas corpus* in order to avoid possible incarceration from a sentence; defendant filed a post-trial motion following sentencing (although a copy is not in the record before us); defendant's remedy was probably unavailing since he was not being held in custody and the defendants (judges) to the *habeas corpus* action did not hold him in custody; and, finally, defendant has persisted in his claim that his prosecution is barred in this appeal of the *habeas corpus* action. In the absence of our invocation of the powers conferred by Supreme Court Rule 366(a)(5), defendant would unjustly suffer conviction and incarceration for a crime the prosecution of which

has been barred. We think the interests of justice require the position we have taken, but at the same time we would add the caution that attorneys and parties should adhere to prescribed rules and remedies in seeking relief from convictions regarded as illegally rendered. *Cf. People v. Pettus* (1980), 84 Ill. App. 3d 390, 405 N.E.2d 489.

We now address the merits of defendant's argument. The issue is, what was the effect of the dismissal "with prejudice" of the charge by information of the crime of reckless homicide? We reiterate that the dismissal was made upon the motion of the assistant State's attorney and that it obviously had the approval of the court. The record does not disclose the reason or reasons for the dismissal, with prejudice, and we may not speculate upon anything that may have prompted the action of the assistant State's attorney and the trial court.

■■ Generally speaking, the protections against double jeopardy are triggered only after an individual has been subjected to the hazards of trial and possible conviction. That event occurs when the first witness is sworn and the court begins to hear evidence. (*People v. Shields* (1979), 76 Ill. 2d 543, 394 N.E.2d 1161.) A mere dismissal of a charge, or a *nolle prosequi*, entered without reference to a dismissal, with prejudice, does not bar a later indictment for the same offense. (*People v. Shields*; *People v. Curvin* (1980), 81 Ill. App. 3d 481, 401 N.E.2d 575.) At the time the information charging reckless homicide was dismissed, with prejudice, there had been no factual determination and defendant had not been subjected to the hazards of trial so that jeopardy had not attached.

■■ Notwithstanding the fact that there had been no factual determination, the consequences that flow from the dismissal of a charge "with prejudice" are equal to that of trial and acquittal. The term "with prejudice" has a well-recognized legal import; it is the converse of the term "without prejudice," and is as conclusive of the rights of the parties as if the suit had been prosecuted to a conclusion adverse to the complainant. (*Gonzalez v. Gonzalez* (1955), 6 Ill. App. 2d 310, 127 N.E.2d 673; see also *In re Estate of Crane* (1951), 343 Ill. App. 327, 99 N.E.2d 204.) The phrase "dismissed with prejudice" is doubtless a contraction of the expanded phrase "dismissed with prejudice to the right to commence the action anew." Black's Law Dictionary 421 (5th ed. 1979) defines "dismissal with prejudice" as follows: "An adjudication on the merits, and final disposition, barring the right to bring or maintain an action on the same claim or cause." In *Bank of America v. Jorjorian* (1940), 303 Ill. App. 184, 24 N.E.2d 896, it is stated, with citation of several cases from foreign jurisdictions, that a dismissal with prejudice is as conclusive of rights of the parties as if suit had been prosecuted to final adjudication adverse to plaintiff. This same rule is cited and followed in *Elder v. Robins* (1972), 7 Ill. App. 3d 657, 288 N.E.2d 506.

In *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 312 N.E.2d 259, the Illinois Supreme Court held that dismissal of one defendant, with prejudice, does not bar an action against other defendants who might be jointly or severally liable. The supreme court thus recognized the import of finality of adjudication that flows from the use of the term "with prejudice" in a dismissal.

The meaning and consequence of the term "with prejudice" does not change when it is used in the context of a criminal prosecution. In *People v. Newell* (1980), 83 Ill. App. 3d 133, 403 N.E.2d 775, the court stated that a dismissal with prejudice will foreclose the filing of a second indictment on the same charge, citing *Spriggs v. United States* (9th Cir. 1955), 225 F.2d 865. In *White v. United States* (D.C. Cir. 1967), 377 F.2d 948, it was held that dismissal, with prejudice, of an indictment charging defendant with unauthorized use of a vehicle constituted an adjudication barring another prosecution for the same offense. The *White* court cited and relied upon *United States v. Oppenheimer* (1916), 242 U.S. 85, 61 L. Ed. 161, 37 S. Ct. 68, and *District of Columbia v. Weams* (D.C. App. 1965), 208 A.2d 617.

In view of the above authorities we must hold that by use of the term "with prejudice" the dismissal of the reckless homicide charges constituted a final adjudication and a bar to the subsequent prosecution by indictment. If the rule were otherwise then it would never be possible to obtain a binding dismissal of a charge short of a trial.

As we have stated above, the record reflects that the assistant State's attorney made the motion to dismiss the information, with prejudice. It was within the authority of the State's attorney, or his assistant in his stead, to elect to terminate the prosecution of this cause. The authority was well established at common law and remains today. (*People v. Byrnes* (1975), 34 Ill. App. 3d 983, 341 N.E.2d 729; *People v. Wabash, St. Louis & Pacific Ry. Co.* (1882), 12 Ill. App. 263; *Wilson v. County of Marshall* (1930), 257 Ill. App. 220; *People v. Mortenson* (1922), 224 Ill. App. 221.) It has been held, and we agree, that the statutory authority of the State's attorney to prosecute (Ill. Rev. Stat. 1977, ch. 14, pars. 5(1), 5(6)) impliedly confers authority to *nolle prosequi* when in his judgment the prosecution should not continue (*Byrnes*).

The State's attorney's otherwise absolute power to *nolle prosequi* is subject to the discretionary consent and approval of the trial court. (*People ex rel. Hoyne v. Newcomer* (1918), 284 Ill. 315, 120 N.E. 244.) Here, the record indicates without contradiction that the assistant State's attorney sought a dismissal "with prejudice" and that the court consented and approved it.

Although a final disposition, a dismissal with prejudice, was entered in this cause, the State did not seek to have it reinstated. The jurisdiction

of the trial court to reinstate the cause terminated upon the passage of 30 days from the entry of the final order. See *Weilmuenster v. H. H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 390 N.E.2d 579; *Klingman v. Levinson* (1974), 21 Ill. App. 3d 883, 316 N.E.2d 111; *City of DeKalb v. Anderson* (1974), 22 Ill. App. 3d 40, 316 N.E.2d 653.

We note also that the State could have appealed from the final order of the trial court (*People v. Mears* (1980), 84 Ill. App. 3d 265, 405 N.E.2d 443), but did not do so.

■■ The trial court lost jurisdiction of this cause 30 days after the information was dismissed with prejudice and was without jurisdiction to entertain the filing of an indictment based on the same facts thereafter. The trial court erred in refusing to dismiss that indictment on Creek's motion. Accordingly, the judgment of the circuit court of Madison County is reversed.

Reversed.

SPOMER, J., concurs.

Mr. JUSTICE KARNS, dissenting:

Aside from the difficulty I have in approving of the unusual remedy fashioned by the majority, I believe the court reaches an incorrect result in concluding that the addition of the words "with prejudice" to a dismissal prior to trial somehow has the effect of placing the defendant in former jeopardy. I would note that we are not here dealing with any claimed denial of a speedy trial or prosecution under either statutory or constitutional principles.

It seems to me that the expression "with prejudice" is a stranger to the criminal law, and conjoining this expression to the dismissal of a criminal charge is meaningless by itself and does not render a dismissal order an acquittal.

Section 3—4(a) of the Criminal Code (Ill. Rev. Stat. 1979, ch. 38, par. 3—4(a)) provides, as here applicable:

"(a) A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution:

(1) Resulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction; or

(2) Was terminated by a final order or judgment, even if entered before trial, which required a determination inconsistent with any fact or legal proposition necessary to a conviction in the subsequent prosecution; or

(3) Was terminated improperly after the jury was impaneled and sworn or, in a trial before a court without a jury, after the first witness was sworn but before findings were rendered by the trier of facts, or after a plea of guilty was accepted by the court.

\* \* \*"

It is apparent that the refiling of the reckless homicide charge and subsequent trial were not barred under this section. The majority acknowledges, citing the recent supreme court opinion in *People v. Shields* (1979), 76 Ill. 2d 543, 394 N.E.2d 1161, *cert. denied* (1980), 445 U.S. 917, 63 L. Ed. 2d 602, 100 S. Ct. 1279, that a dismissal, or *nolle prosequi*, does not bar a subsequent indictment and trial for the same offense. (*People v. Dellecarto* (1978), 67 Ill. App. 3d 490, 384 N.E.2d 902.) The supreme court has recently reaffirmed that the prohibition against placing an individual in double jeopardy is premised on the idea that the State should not be permitted to make repeated attempts to convict an individual. (*People v. Deems* (1980), 81 Ill. 2d 384, 410 N.E.2d 8.) In *Deems*, the court stated that a sham "acquittal" was not an acquittal for purposes of double jeopardy and that jeopardy does not attach until the defendant is subjected to the "risk of a determination of guilt" in a trial where an attempt is made to convict the defendant. *Serfass v. United States* (1975), 420 U.S. 377, 391-92, 43 L. Ed. 2d 265, 276, 95 S. Ct. 1055, 1064.

Contrary to the majority's assertion, the consequence of the term "with prejudice" does change from a civil proceeding to a criminal prosecution and the citation of authority in the majority opinion to the contrary is not persuasive.

In *People v. Newell* (1980), 83 Ill. App. 3d 133, 403 N.E.2d 775, the trial court dismissed a complaint charging an offense which had been previously dismissed. The State did not appeal but later reindicted the defendant for the same offense. The holding of the appellate court would appear to be premised not on double jeopardy but on principles of *res judicata* brought into play when the State failed to appeal the initial ruling of the trial court dismissing the complaint. *Spriggs v. United States* (9th Cir. 1955), 225 F.2d 865, discussed dismissal "with prejudice" in dicta only. Thus, neither *Newell* nor *Spriggs* deals with the legal significance of a purported dismissal with prejudice. *White v. United States* (D.C. Cir. 1967), 377 F.2d 948, cryptically relies on *United States v. Oppenheimer* (1916), 242 U.S. 85, 61 L. Ed. 161, 37 S. Ct. 68, as authority for the significance of a dismissal with prejudice, improperly, I suggest, as *Oppenheimer* dealt with a reindictment after the running of the statute of limitations.