(No. 54471.—

JIMMY L. CREEK, Appellee, v. HAROLD R. CLARK, Judge, *et al.*, Appellants.

*Opinion filed October 21, 1981.—Rehearing denied November 25, 1981.*

SIMON, J., dissenting.

Tyrone C. Fahner, Attorney General, of Springfield, and Donald Weber, State's Attorney, of Edwardsville (Martin N. Ashley and Stephen E. Norris, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

Donald E. Groshong and G. Edward Moorman, of Groshong & Moorman, Ltd., of East Alton, for appellee.

JUSTICE MORAN delivered the opinion of the court:

The defendant, Jimmy L. Creek, was charged by indictment in the circuit court of Madison County with reckless homicide. He moved to dismiss the indictment, claiming that the dismissal of a prior information based on the same occurrence prevented the State from subsequent prosecution. After defendant's motion was denied, he petitioned for a writ of *habeas corpus* alleging the same grounds as in the motion to dismiss. This motion was also denied. Defendant appealed the denial of the *habeas corpus* petition, and a majority of the appellate court reversed. (91 Ill. App. 3d 429.) The State appeals.

A full recitation of the procedural history of this case is necessary to an understanding of the issues. Defendant was initially charged by complaint with driving while under the

influence of intoxicating liquor and improper lane usage resulting from a November 19, 1978, traffic accident. These charges were dismissed on a motion by the State for the reason that the "possibility of felony charges is being investigated." Defendant was thereafter charged by information with reckless homicide. He was released on bond pending trial.

On January 12, 1979, before the preliminary hearing was to commence, an assistant State's Attorney orally moved to dismiss the information. In response, the trial court entered the following order:

> "The above entitled cause having again come on for hearing pursuant to setting and notice for preliminary hearing, on motion of assistant state's attorney Stephanie Robbins, the above entitled cause is hereby dismissed with prejudice.
>
> Defendant's bond ordered discharged according to law.
>
> It is so ordered."

The word "Approved" is written at the bottom corner of the order beneath which appear the signatures of the assistant State's Attorney and defendant's attorney. No transcript of these proceedings appears in the record on appeal.

On February 15, 1979, over 30 days after entry of the order, defendant was charged by indictment with reckless homicide based on the same incident; he was again released on bond. Subsequently, the State filed a complaint charging him with driving while under the influence of intoxicating liquor. His motion to dismiss the indictment, which was denied, was based on the premise that the former dismissal "with prejudice" acted to bar subsequent prosecution by reason of double jeopardy, collateral estoppel, *res judicata* and lack of jurisdiction. After a hearing was held, the trial court dismissed the petition, finding that (1) *habeas corpus* proceedings are not available to a defendant released on bail; (2) the respondent judges named in the writ did not have actual custody of defendant; and (3) defendant had

not exhausted his legal remedies, in that he should have proceeded to trial on the pending charge and, if convicted, then should have appealed the issues raised in his motion to dismiss.

During the pendency of defendant's appeal of the dismissal of his *habeas corpus* petition, defendant was found guilty of reckless homicide and driving while under the influence of intoxicating liquor. The record in the instant case was supplemented to show defendant's convictions. Respondents then filed a motion to dismiss the appeal on the grounds that defendant's conviction rendered moot his contention that he not be subjected to trial on the criminal charges. The record before us fails to reveal a notice of appeal from the criminal convictions. Relying on Supreme Court Rule 366(a)(5) (73 Ill. 2d R. 366(a)(5)) the appellate court "fashioned a remedy for defendant" by finding that "the trial court should have properly treated the petition [for a writ of *habeas corpus*] as a motion to dismiss the prosecution, vacated the conviction and discharged defendant." (91 Ill. App. 3d 429, 433.) To support this conclusion the court found that "by use of the term 'with prejudice' the dismissal of the reckless homicide charges constituted a final adjudication and a bar to the subsequent prosecution by indictment." (91 Ill. App. 3d 429, 435.) It then ruled that the dismissal "with prejudice" became final 30 days after its entry and rendered the trial court without jurisdiction to proceed with the subsequent prosecution.

We first address the question of whether the appellate court had jurisdiction to reverse the criminal convictions of defendant under Supreme Court Rule 366(a)(5). The State contends that the appellate court was without power to reverse defendant's criminal convictions since notice of appeal had not been filed from those convictions.

We find untenable the position of the appellate court ruling that defendant's petition for a writ of *habeas corpus* should have been treated as a motion to dismiss the prose-

cution. Defendant had already filed a motion to dismiss the indictment of February 15, which was denied, and, as earlier stated, the grounds raised in the petition for *habeas corpus* were identical. Therefore, we find that the trial court correctly treated the petition as it was presented—one for writ of *habeas corpus.*

Supreme Court Rule 366(a)(5) allows the appellate court to make any order that ought to have been given and to make any further orders that the case may require. The appellate court reasoned that it had the power under this rule to determine the legal effect of a dismissal "with prejudice." However, the rule assumes that the court properly has jurisdiction over the case before it. Our rules also provide that the only jurisdictional requirement in the perfection of an appeal is the filing of a notice of appeal. (73 Ill. 2d R. 606.) This court has unequivocally stated that the filing of a notice of appeal is "essential to confer jurisdiction upon the reviewing court." (*People v. Stueve* (1977), 66 Ill. 2d 174, 178.) There is, in this record, no notice of appeal filed by defendant from his conviction; therefore the appellate court lacked jurisdiction to determine the propriety of that conviction and to address the merits of any of defendant's claims therein.

The State further contends that the trial court appropriately dismissed defendant's petition for writ of *habeas corpus* in that he lacked standing to seek such relief while free on bail and that a dismissal, "with prejudice," of criminal charges does not bar subsequent criminal prosecution by the State.

Section 1 of "An Act to revise the law in relation to habeas corpus" (Act) provides:

> "That every person imprisoned or *otherwise restrained of his liberty,* except as herein otherwise provided, may apply for habeas corpus in the manner provided in this act, to obtain relief from such imprisonment or restraint, if it prove to be unlawful." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 65, par. 1.)

Section 22 sets out the circumstances under which one may be discharged under the Act: "[i]f it appear that the prisoner is *in custody* by virtue of process from any court legally constituted." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 65, par. 22.) It is the position of the State that the defendant's release on bail does not constitute being "in custody" or being "otherwise restrained of his liberty," as those terms are used in the Act.

Defendant, on the other hand, argues that bail does constitute "custody" and being "otherwise restrained of his liberty." Defendant cites as authority *Hensley v. Municipal Court* (1973), 411 U.S. 345, 36 L. Ed. 2d 294, 93 S. Ct. 1571, for the proposition that one free on bail is sufficiently in "custody" so as to seek *habeas corpus* relief. In *Hensley,* the defendant was convicted of a misdemeanor, sentenced to one year in jail and fined $625. He was unsuccessful in his appeal before the State appellate court as well as in his attempts to collaterally attack the conviction. At all times after his conviction, he was released on his own recognizance. He avoided imprisonment while pursuing his State court remedies by virtue of a stay ordered by the trial court. Such stay was extended apparently to allow defendant to file for Federal *habeas corpus* relief. The Federal district court denied defendant's petition for *habeas corpus* relief, and the circuit court of appeals affirmed. The United States Supreme Court granted *certiorari.* The defendant remained at large throughout the proceedings in Federal court by virtue of the stay order.

The Supreme Court ruled that defendant was in custody for purposes of the Federal *habeas corpus* statute because:

> "First, he is subject to restraints 'not shared by the public generally,' [citation]: that is, the obligation to appear 'at all times and places as ordered' by '[a]ny court or magistrate of competent jurisdiction.' * * *
>
> Second, petitioner remains at large only by the grace of a stay entered first by the state trial court and

then extended by two Justices of this Court. *** The need to keep the stay in force is itself an unusual and substantial impairment of his liberty." *Hensley v. Municipal Court* (1973), 411 U.S. 345, 351-52, 36 L. Ed. 2d 294, 300, 93 S. Ct. 1571, 1575.

We find *Hensley* distinguishable in that the defendant, at the time the petition for writ of *habeas corpus* was brought, had already been sentenced and, but for the stay order, would have been in prison. In the present case, defendant had not yet been tried for or sentenced on the criminal charges brought against him. Furthermore, the concluding language of the court limits its holding to the facts in that case:

"[W]e emphasize that our decision does not open the doors of the district courts to the habeas corpus petitions of all persons released on bail or on their own recognizance." *Hensley v. Municipal Court* (1973), 411 U.S. 345, 353, 36 L. Ed. 2d 294, 301, 93 S. Ct. 1571, 1575.

Although this court has not addressed the question of whether a defendant released on bail can avail himself of the relief found in the Act (Ill. Rev. Stat. 1979, ch. 65, par. 1 *et seq.*), the appellate court has defined the term "custody" in *People ex rel. Petraborg v. Fields* (1973), 14 Ill. App. 3d 1025:

"Because a petition for habeas corpus is literally a request for the production of the body, we believe the term 'custody' as used in the statute refers to physical control or possession and may not be considered as a concept which is susceptible to a constructive definition." *People ex rel. Petraborg v. Fields* (1973), 14 Ill. App. 3d 1025, 1026. See *People ex rel. Williams v. Morris* (1976), 44 Ill. App. 3d 39, 41.

Defendant cites various Federal cases in support of his contention that a person on bail has standing to petition for a writ of *habeas corpus*. (*Burris v. Ryan* (7th Cir. 1968), 397 F.2d 553; *United States ex rel. Russo v. Superior Court* (3d

Cir. 1973), 483 F.2d 7.) These cases, however, considered the question of the status of a defendant on bail in the context of the Federal *habeas corpus* statute (28 U.S.C. §§ 2241 through 2255 (1976)). As such, they are not controlling on the construction of the Illinois act. (*People ex rel. Morrison v. Sielaff* (1974), 58 Ill. 2d 91, 92.) Moreover, although several jurisdictions have found that an accused free on bail was entitled to have his *habeas corpus* petition considered in the same way as if he were held in physical custody, such is the minority rule. (See Annot., 77 A.L.R.2d 1307 (1961 & 1981 Supp.).) The majority rule is that actual or physical restraint of a defendant is necessary to allow him standing to petition for a writ of *habeas corpus.* The justification for the rule is that a person at large on bail already enjoys the liberty which is normally sought by the writ of *habeas corpus.* Moreover, it is futile to order a party—be it judge, jailer, sheriff or parole board—to produce the "body" of one not in his physical custody.

Consequently, we find that because the defendant was not "in custody" or "otherwise restrained of his liberty" as we interpret those phrases in the Act, the defendant lacked standing to petition for the writ. Therefore, the trial court appropriately dismissed defendant's petition. Because of our holding on the first two issues presented by the State, we find it unnecessary to address the legal effect of the term "with prejudice" as used in an order of dismissal. Such issue would be more properly addressed in defendant's appeal of his criminal convictions, if he should choose to pursue such.

The judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

JUSTICE SIMON, dissenting:

The course the majority follows in disposing of this appeal is hypertechnical. Avoiding decision on the merits of

defendant's argument that he has been subjected to double jeopardy advances neither justice nor the need for orderly procedures. I prefer the appellate court's more practical approach. That court, although acknowledging that the path the defendant took to the reviewing court was misconceived, in the interest of justice and under the authority of Supreme Court Rule 366(a)(5) (73 Ill. 2d R. 366(a)(5)) fashioned a remedy by treating defendant's *habeas corpus* petition as a motion to dismiss the prosecution equivalent to a plea in abatement and a plea in bar (Ill. Rev. Stat. 1979, ch. 38, pars. 3—4(a)(2), 114—1(a)(2)) and by regarding the petition as consolidated with the case in which the defendant was prosecuted and convicted.

The records of the circuit court of Madison County do not disclose any notice of appeal filed by the defendant from his criminal conviction. Thus the majority's suggestion that resolution of the defendant's contention should await appeal from his criminal conviction is unrealistic; it is now too late for him to prosecute such an appeal.

The explanation, no doubt, for defendant's failure to file a notice of appeal is that he assumed his pending appeal from the circuit court's denial of his *habeas corpus* application would provide a vehicle for deciding the significance of his dismissal "with prejudice" and a further appeal would be unnecessary. The majority now tells us that he was mistaken in that conclusion.

Thus, his next step, assuming he is not already exhausted by the barriers the law's technicalities have placed in his path, is to file a post-conviction petition alleging his attorney improperly overlooked filing a notice of appeal from his conviction, thereby depriving him of effective assistance of counsel. Then he would be back in the circuit court and perhaps he would find it necessary to appeal again to the appellate court and even this court. Although I appreciate that ordinarily courts should not anticipate events that

might happen in the future, a post-conviction proceeding appears to be such a likely prospect here that I think we should conserve judicial time by addressing, as the appellate court did, the merits of defendant's double jeopardy contention. To do so under the circumstances of this case would not undermine the requirement that a party must file a notice of appeal within the time prescribed by the rules after a criminal conviction. The problem in this case is that defendant's notice of appeal was filed before his conviction, but he was tried and convicted while his appeal was pending.

Because the court prefers to delay its consideration of the substantive aspects of this case and in view of the possibility that this case may again reach this court, I feel I should refrain from expressing my views at this time on the double jeopardy question. I respectfully dissent however from the manner in which the court is disposing of this appeal; to raise the procedural barrier in this case is to complicate the litigation instead of to dispense justice.