## George Moore

v.

## The People of the State of Illinois.

*Filed at Springfield October 27, 1893.*

1. ASSAULT WITH INTENT, ETC.—*intent depends on deliberation and premeditation.* To constitute an assault with intent to commit murder, rape, mayhem, robbery, larceny or other felony, the intent to commit the particular offense must be shown; but the specific intent need not be shown by direct evidence, such as threats and the like, as it may be inferred from facts and circumstances.

2. An assault with intent to commit any of the felonies named in the statute (sec. 23, div. 1, of Criminal Code,) necessarily depends upon deliberation and premeditation, without which there can be no criminal intent.

3. Since there must be no mixture of deliberation or malice to reduce a homicide from murder to manslaughter, there is no such offense as an assault with intent to commit manslaughter, and on a conviction for such, a motion in arrest of judgment should be allowed.

4. The words "or other felony," in the statute relating to assaults with intent to commit murder, etc., do not include manslaughter. Those words embrace only assaults made with deliberation and premeditation.

5. STATUTES—*construction.* Where a section of a statute, so far as it particularizes, has reference to offenses committed with deliberate intent, general words referring to any other offenses will be held to embrace only offenses of the same character as those specifically mentioned.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

At the November term, A. D. 1892, of the Morgan county circuit court, an indictment was returned into open court of that county by the grand jury, charging the plaintiff in error with an assault with intent to commit murder, and at the same term he was arraigned, tried and convicted, and his punishment fixed at imprisonment in the penitentiary for the term of five years. A motion to set aside the verdict and for

new trial was entered at the same term, which was granted and the cause continued. At the May term, A. D. 1893, of the circuit court of that county, the plaintiff in error was again tried on the same indictment, before a jury, and a verdict was returned into court finding the defendant guilty of an assault with intent to commit manslaughter, and fixing his punishment at imprisonment in the penitentiary for the term of one year. A motion to set aside the verdict and for a new trial was entered by the defendant, which was overruled by the court, and thereupon the defendant entered his motion in arrest of judgment, which was also overruled, to which exception was taken, and judgment was entered on the verdict, and the defendant sentenced to imprisonment in the penitentiary for the term of one year. Thereupon this writ of error was sued out, and the error assigned is, the overruling the motion in arrest of judgment and entering judgment on the verdict finding the defendant guilty of an assault with intent to commit manslaughter, under the indictment.

Mr. Oscar A. DeLeuw, and Mr. N. H. Peer, for the plaintiff in error.

Mr. Charles A. Barnes, for the People.

Mr. Justice Phillips delivered the opinion of the Court:

This indictment was found under the 45th section of the Criminal Code, which provides that "an assault with intent to commit murder, rape, mayhem, robbery, larceny or other felony shall subject the offender to imprisonment in the penitentiary for a term not less than one year nor more than fourteen years." To constitute the offenses, or any of them, as defined in this statute, the intent must be established, and whilst not necessary that this shall be done by direct evidence, such as threats and the like, as it may be inferred from the facts and circumstances proven, yet the specific intent is

necessary to complete the offense. An assault with intent to commit murder, rape, mayhem, robbery or larceny is one which necessarily depends on deliberation, and as all these offenses which are specifically named by that section are those which require deliberation and premeditation, it becomes a question of construction whether the term "or other felony" can include any offense other than one committed with deliberation or premeditation. When a section, so far as it particularizes, has reference entirely to offenses committed with a deliberate intent, general language referring to any other felony in like manner has reference to offenses committed with premeditation or deliberate intent,—that is, with what is included as legal premeditation or deliberation.

By section 191 of the Criminal Code of this State manslaughter is defined as follows: "Manslaughter is the unlawful killing of a human being without malice, express or implied, and without any mixture of deliberation whatever." To reduce the felonious killing of a human being from murder to manslaughter there must be no implication of malice from facts and circumstances proven, and there must be no deliberation whatever. Where a deliberate intent must be found to exist to constitute the act criminal, it is impossible that it should be found to exist without reflection or premeditation. In this case the intent with which the assault was committed is a necessary fact to be shown or implied to constitute the crime. When it appears there was an intent to take life, either express or implied, where the killing would not be excusable or justifiable, and an assault is made with that intent, then it would be an assault with intent to commit murder. It would follow, therefore, that for one to assault another with intent to commit manslaughter would be a contradiction in terms. *The People* v. *Lilly*, 43 Mich. 521.

It was error to overrule the motion in arrest of judgment. The judgment is reversed and the cause remanded.

*Judgment reversed.*