THE PEOPLE ex rel. MICHAEL FRANK BASSIN, Petitioner-Appellant, v. THOMAS R. ISREAL, Respondent-Appellee.

(No. 74-347; )

Fifth District—September 11, 1975.

Jerome J. Schlichter, of Cohn, Carr, Korein, Kunin and Brennan, of East St. Louis, for appellant.

Herbert J. Lantz, Jr., State's Attorney, of Chester (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the petitioner, Michael F. Bassin, from the dismissal of his *pro se* petition for writ of habeas corpus by the circuit court of Randolph County.

On April 20, 1972, the petitioner allegedly shot at Verlyn A. Robbins with a rifle. On June 13, 1972, the petitioner was indicted for the offense of attempted murder. On August 23, 1972, he appeared with counsel and entered a negotiated plea of guilty to the offense of attempt to commit voluntary manslaughter. The circuit court of Williamson County accepted his plea and subsequently sentenced him to a term of 3 to 7 years' imprisonment. The petitioner was sent to Menard Penitentiary, located in Randolph County. While incarcerated therein the petitioner filed a *pro se* petition for a writ of habeas corpus in the circuit court of Randolph County naming as respondent Thomas R. Isreal, the warden of Menard

Penitentiary. This petition alleged that the circuit court of Williamson County was without jurisdiction to convict him because attempt to commit a voluntary manslaughter is not a crime in Illinois. The circuit court of Randolph County denied the petition, and this appeal followed.

During the pendency of this appeal various motions were filed, including a motion by the respondent for an extension of time in which to file its brief. This motion was based on two grounds: (1) that since the defendant was transferred to the Correctional Center at Vienna, Jackson County, the circuit court of Randolph County would be without jurisdiction to order the petitioner's release even if this appeal was successful; and (2) that the defendant is to be paroled to the State of Michigan, under the Interstate Compact (Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—12), in June, 1975, thus placing the petitioner beyond the jurisdiction of this court. The petitioner filed on objection to the respondent's motion stating: (1) that the transfer from one county to another has no bearing on the validity or invalidity of the trial court's decision and it does not affect *our* jurisdiction to hear the appeal, and (2) that even if the petitioner is paroled the issue will not become moot. After considering the authorities cited by the parties we denied the respondent's motion for an extension of time. In particular, we predicated our ruling on the fact that the petitioner "remained in the legal custody pending expiration of the sentence and discharge by the [Parole and Pardon] Board" (*People ex rel. Johnson v. Pate*, 47 Ill.2d 172, 265 N.E.2d 144, 147) and since the adverse collateral legal consequences flowing from the restrictions inherent in the parole system are enough to prevent a habeas corpus action from terminating ignominiously in the limbo of mootness (See *United States ex rel. Lawrence v. Woods* (7th Cir. 1970), 432 F.2d 1072, *cert. denied*, 402 U.S. 983).

While we have determined not to dismiss this case on the basis of mootness, our review is, of course, limited in an action seeking a writ of habeas corpus to pertinent matters contained in the record (*People ex rel. Holzapple v. Ragen*, 2 Ill.2d 124, 117 N.E.2d 390). Since a writ of habeas corpus attacks the jurisdiction of the trial court we are not concerned with the circumstances of the offense, the factual basis for the petitioner's plea of guilty, nor with any other issues of fact. Our sole inquiry is whether the trial court had the requisite jurisdiction to accept the petitioner's plea of guilty to attempt to commit voluntary manslaughter.

We note at the outset that the petitioner does not allege that the trial court lacked jurisdiction over the person of the petitioner, nor that the circuit court of Williamson County lacked general jurisdiction over the offense for which the petitioner was indicted, attempted murder. Instead,

the sole contention of the petitioner is that the charge of which the petitioner entered his plea of guilty, attempted voluntary manslaughter, is not a crime in Illinois and thus the circuit court of Williamson County was without the "jurisdiction" to accept the petitioner's plea of guilty.

The voluntary manslaughter act in effect when the petitioner was convicted is, in pertinent part, as follows:

"(a) A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation * * *.

(b) A person who *intentionally or knowingly* kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing * * * but his belief is unreasonable." (Emphasis supplied.) Ill. Rev. Stat. 1973, ch. 38, par. 9—2 (effective January 1, 1962).

This is a case of first impression for two reasons. First, since the addition to the voluntary manslaughter statute of subsection (b) (Ill. Rev. Stat. 1973, ch. 38, par. 9—2(b), effective January 1, 1962) no court has confronted the issue of whether there can, under subsection (b), be an attempt to commit a voluntary manslaughter. And, secondly, because the petitioner negotiated a plea of guilty to what was believed to be a lesser included offense.

The two cases cited by the petitioner, *Moore v. People*, 146 Ill. 600, 35 N.E. 166, and *People v. Weeks*, 86 Ill.App.2d 480, 230 N.E.2d 12, were either decided under a previous version of the manslaughter statute resembling subsection (a) or were decided considering only subsection (a). In *Moore v. People* (1893), 146 Ill. 600, 35 N.E. 166, cited by defendant, our supreme court made the following observation,

"By section [143] of the Criminal Code of this State manslaughter is defined as follows: 'Manslaughter is the unlawful killing of a human being without malice, express or implied, and without any mixture of deliberation whatever.' To reduce the felonious killing of a human being from murder to manslaughter there must be no implication of malice from facts and circumstances proven, and there must be no deliberation whatever. Where a deliberate intent must be found to exist to constitute the act criminal, it is impossible that it should be found to exist without reflection or premeditation. In this case the intent with which the assault was committed is a necessary fact to be shown or implied to constitute the crime. When it appears there was an intent to take life, either express or implied, where the killing would not be excusable or

justifiable, and an assault is made with that intent, then it would be an assault with intent to commit murder. It would follow, therefore, that for one to assault another with intent to commit manslaughter would be a contradiction in terms. *The People v. Lilley*, 43 Mich. 521." (146 Ill. 600, 602.)

In *People v. Weeks*, 86 Ill.App.2d 480, 230 N.E.2d 12, also cited by defendant, the court found that subsection (a) of section 9—2 of the Criminal Code (Ill. Rev. Stat. 1965 ch. 38, par. 9—2(a)), which provided that "A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation .* *. *," could not be the basis of the crime such as an attempt to commit a voluntary manslaughter. The court in *Weeks* did not address the issue of whether subsection (b) of section 9—2 could be the basis of such a crime; nor has our research revealed any authority which has confronted the issue of whether subsection (b) of section 9—2 can be the basis of the crime of attempt to commit a voluntary manslaughter.

Here the record reflects that petitioner entered his plea under section 9—2(b), which, unlike subsection (a) of section 9—2, incorporates the element of intent to kill. This subsection contemplates an act of killing as the result of cool deliberation, the gravity of the offense being reduced from murder to manslaughter by the unreasonable belief that the circumstances justified the acts constituting the crime.

While the fact that we are not confronted with a manslaughter statute that requires no intent on the part of the actor makes a much stronger case for holding that there is no legal or logical inconsistency in the offense of attempted voluntary manslaughter[1], we, nevertheless, have decided to adopt the approach advocated by the New York Court of Appeals in *People v. Foster* (1967), 19 N.Y.2d 150, 225 N.E.2d 200. Therein the court concluded that,

"While there may be question whether a plea to attempted man-

---

[1] In *People v. Genes*, 58 Mich. App. 108, 110, 227 N.W.2d 241, 242, the Michigan court said: "We must reject the defendant's argument that there is no such thing as attempted manslaughter. While there can be no such thing as attempted involuntary manslaughter, *where the theory is voluntary manslaughter there can be an attempt.* See LaFave & Scott, Criminal Law § 59, p. 423." (Emphasis supplied.) We also note the observation of Justice Holmes in *The Common Law* at 66: "It may be true that in the region of attempts, as elsewhere, the law began with cases of actual intent, as those cases are the most obvious ones. But it cannot stop with them, unless it attaches more importance to the etymological meaning of the word *attempt* than to the general principles of punishment. Accordingly there is at least color of authority for the proposition that an act is punishable as an attempt, if, supposing it to have produced its natural and probable effect, it would have amounted to a substantive crime." Holmes, *The Common Law*, 66 (1881).

slaughter is technically and logically consistent, such a plea should be sustained on the ground that it was sought by defendant and freely taken as part of a bargain which was struck for the defendant's benefit." (19 N.Y.2d 150, 154, 225 N.E.2d 200, 202.)

As stated earlier in that opinion:

> "The question on this appeal is whether this definition which includes an 'intent to commit a crime' renders the plea taken by defendant inoperative, illogical or repugnant and, therefore, invalid. We hold that it does not *when a defendant knowingly accepts a plea to attempted manslaughter as was done in this case in satisfaction of an indictment charging a crime carrying a heavier penalty.* In such case, there is no violation of defendant's right to due process. The defendant declined to risk his chances with a jury. He induced the proceeding of which he now complains. He made no objection or complaint when asked in the presence of his counsel whether he had any legal cause to show why judgment should not be pronounced against him, and judgment was thereafter pronounced. As a result, the range of sentence which the court could impose was cut in half—a substantial benefit to defendant." (Emphasis supplied.) (19 N.Y.2d 150, 153, 225 N.E.2d 200, 201-02.)

(See also *People v. Genes* (1975), 58 Mich. App. 108, 227 N.W.2d 241.) Similarly, in the instant case the petitioner, indicted for attempted murder which carried a penalty "not [to] exceed imprisonment for 20 years" (Ill. Rev. Stat. 1971, ch. 38, par. 8—4(c)(1)), chose to plead guilty to attempted voluntary manslaughter, which carried with it a sentence of "from one to 20 years" (Ill. Rev. Stat. 1971, ch. 38, par. 9—2(c)). We believe that the petitioner has received the benefit of his bargain and we, therefore, decline to hold that it was error to accord him this benefit. We leave for future adjudication whether under some set of circumstances our voluntary manslaughter act can be the basis for the inchoate offense of attempt.

For all of the above stated reasons the order dismissing the petitioner's petition for a writ of habeas corpus by the circuit court of Randolph County is affirmed.

Affirmed.

JONES, P. J., and G. MORAN, J., concur.