THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID A. TURNER, Defendant-Appellant.

Fifth District    No. 5—00—0445

Opinion filed October 2, 2001.

Mark C. Hunter and Paul F. Henry, both of Kruger, Henry & Hunter, of Metropolis, for appellant.

Joe Jackson, State's Attorney, of Metropolis (Norbert J. Goetten, Stephen E. Norris, and T. David Purcell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KUEHN delivered the opinion of the court:

This case presents a rather remarkable effort to prosecute David Turner twice for the same criminal conduct. It appears that the State fully intends to derive harsher punishment in the event of another successful prosecution.

The current prosecution originated on March 2, 2000, when the State's Attorney of Massac County filed a two-count information that charged Turner with aggravated criminal sexual assault. It alleged that Turner molested his stepdaughter. A superceding indictment, with similar allegations, was filed on March 23, 2000.

Turner has already been successfully prosecuted for what he did to his stepdaughter. The same State's Attorney launched a prosecution back in March 1996 to make Turner answer for it. On November 12, 1996, Turner capitulated to the allegations brought against him. He accepted responsibility for what he had done, pleaded guilty to two counts of predatory criminal sexual assault of a child, and went to prison. Two additional charges of aggravated criminal sexual assault were dropped.

Thus, Turner went to prison, years ago, for the conduct alleged in the pending charges. Turner has done nothing to undo the two convictions that warranted his imprisonment. No court of law has ever overturned them.

By March of 2000, Turner was about to realize every prisoner's fancy—that day when he would stand before a gate and watch it open, free to pass into the world he left behind years earlier. Turner was about to pay his debt to society. As he stood on the verge of fulfilling the punishment that his criminality wrought, authorities from Massac County paid him a visit. On March 17, 2000, he was greeted with newly issued arrest warrants, backed by criminal charges that alleged the same criminal conduct that sent him to prison, conduct that resulted in punishment that he was about to complete.

This rather incredible circumstance stems from the Massac County prosecutor's perspective of what happens when the supreme court finds that a statute is unconstitutional. He believes that Turner's convictions were instantly rendered void, as in nonexistent, when our supreme court struck down the statute that created the crime of predatory criminal sexual assault of a child. See *Johnson v. Edgar*, 176 Ill. 2d 499, 680 N.E.2d 1372 (1997). He used this belief to convince the trial court that Turner's convictions should be treated as if they never existed. He successfully argued that Turner's void convictions could not be raised as a bar to a second prosecution.

In effect, the Massac County prosecutor decided to overturn Turner's two convictions and award him a new trial. He commenced these proceedings aimed at that end. Turner did not seek a new trial. He does not want one. He wants the State to leave him alone.

There is a distinct possibility that this novel approach was formulated as an opportune way to correct a prosecutorial oversight that allowed Turner to escape mandatory consecutive sentencing when originally prosecuted.[1] During oral argument, appellate counsel for the State could not disavow the possibility that the ultimate goal of this prosecution is to increase Turner's actual punishment and keep him in prison for another four years. If Turner is convicted again, his convictions would occur under a charging instrument that now alleges the commission of two sexual acts as part of a single course of conduct. This new allegation calls for mandatory consecutive sentences. While Turner might invoke constitutional protection against the imposition of more punishment after a successive prosecution (*People v. Baze*, 43 Ill. 2d 298, 302-03, 253 N.E.2d 392, 395 (1969)), the Massac County prosecutor is resourceful enough to think that so long as Turner's sentences are not increased, and only the manner in which they must be

---

[1] After Turner's guilty pleas in 1996, the trial judge sentenced Turner to two eight-year prison terms and ordered Turner to serve those terms consecutively. Apparently, the charging instrument did not provide a basis for mandatory consecutive sentences. Upon further reflection, the trial judge vacated the sentences and, in order to achieve the same end, sentenced Turner to two 16-year prison terms and ordered that the sentences be served concurrently. This he could not do. See *People v. Kilpatrick*, 167 Ill. 2d 439, 447, 657 N.E.2d 1005, 1008 (1995). Turner had to be resentenced for a third time. The trial judge had no choice but to impose sentences that resulted in an actual loss of freedom that was only half of what was originally deemed fit and proper. Turner was sentenced to two concurrent eight-year prison terms. Turner has now served all of the imprisonment that the State can extract from the two sentences imposed, provided that they are served concurrently as previously ordered.

served is involved, there is no constitutional impediment to such punishment, even though it would double the actual loss of freedom that the State could inflict.

This grand prosecutorial scheme drew credence during oral argument. Appellate counsel for the State voiced concern about the permanency of Turner's two convictions, since grounds may well exist to have them undone. See *Johnson*, 176 Ill. 2d 499, 680 N.E.2d 1372; *People v. Tellez-Valencia*, 188 Ill. 2d 523, 723 N.E.2d 223 (1999); but see *People ex rel. Bassin v. Isreal*, 31 Ill. App. 3d 744, 335 N.E.2d 53 (1975). Turner's lawyer suggested that a desire to maintain the sanctity of Turner's convictions was not the State's real objective. He believes that Turner is being prosecuted in order to impose consecutive sentences which would send Turner back to prison. According to Turner's lawyer, Turner has always been willing to resolve this prosecution with the convictions and punishment permanently intact. An offer to do so was spurned by the Massac County prosecutor, who apparently has something else in mind.

If additional imprisonment is not what the State has in mind, it is difficult to imagine why resources would be expended in an effort to prosecute Turner again. After all, Turner embraces the two convictions that he already has. Turner wants to remain a convicted sexual predator and wrap himself in the protection from greater punishment that such status affords.

■ The Illinois Constitution, like the United States Constitution before it, places a well-known limitation on the State's power to punish people. It provides a simple promise that no person shall be twice put in jeopardy for the same offense. U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10.

We suspect that even those unschooled in the law might understand that in America, people are not convicted and punished for their misconduct and thereafter arrested and prosecuted again for it, simply because the State wants to satisfy a failed desire to inflict more punishment. "Double jeopardy" is a concept that is pretty basic and easy to grasp. Like every other guarantee afforded our citizenry, it is just a little harder to apply in the case of child molesters.

This interlocutory appeal follows the trial court's denial of Turner's effort to raise his two convictions as a bar to further prosecution. No one questions that Turner stood in front of a judge and entered two guilty pleas, an act that placed him in jeopardy of the State's power to punish. No one disputes the fact that the criminal conduct now alleged is identical to the conduct to which Turner has already pleaded guilty and for which he has already been punished.

Appellate counsel for the State adopts the position that the State's Attorney successfully employed in the court below—a position that the

trial court accepted in allowing the new prosecution to proceed. The argument is essentially as follows.

On May 22, 1997, the Illinois Supreme Court invalidated Public Act 89—428 (Pub. Act 89—428 § 601, eff. December 13, 1995), the law under which Turner was prosecuted. *Johnson*, 176 Ill. 2d at 518, 680 N.E.2d at 1381. Thereafter, two prisoners convicted under the constitutionally flawed statute sought and obtained relief from their predatory-criminal-sexual-assault convictions. *Tellez-Valencia*, 188 Ill. 2d at 528, 723 N.E.2d at 226. In reversing convictions obtained under Public Act 89—428, the supreme court observed:

> "[T]he offense of predatory criminal sexual assault of a child was rendered void *ab initio*; that is, it was as if the law never existed. [Citation.] *** Each defendant's charging instrument thus failed to state an offense because the statute under which each was charged and prosecuted was not in effect when the alleged offenses occurred. Accordingly, *** [the] convictions for predatory criminal sexual assault of a child cannot stand." *Tellez-Valencia*, 188 Ill. 2d at 526, 723 N.E.2d at 225.

Since the supreme court declared that the crimes Turner pleaded guilty to never existed, the State argues that Turner's convictions are null and void and should be treated as if they never existed. When so viewed, the constitutional shield of former jeopardy is lifted. The State is free to prosecute Turner for aggravated criminal sexual assault, a crime that was in existence when Turner engaged in his misconduct.

The State concludes that Turner cannot raise his flawed convictions as a bar to further prosecution, even though no court of law has ever overturned them. We are asked to simply ignore the fact that Turner pleaded guilty to two crimes and went to prison as a result of those guilty pleas.

■ Initially, we commend the State to revisit the argument that it successfully employed in *Isreal*, 31 Ill. App. 3d 744, 335 N.E.2d 53. Michael Bassin was charged with attempted murder. He pleaded guilty to attempted voluntary manslaughter, a nonexistent crime. The State argued, and we agreed, that a defendant who pleads guilty to a nonexistent crime is not entitled to invalidate a conviction that ensues, so long as he accepted the benefits of the guilty plea. *Isreal*, 31 Ill. App. 3d at 748, 335 N.E.2d at 57. We are not quite sure how this squares with the State's position that Turner's convictions no longer exist because he pleaded guilty to a nonexistent crime. The State has either changed its mind about guilty pleas to invalidated offenses or thinks that only defendants are bound to the convictions that such guilty pleas produce. Either way, Bassin missed out on the argument that a conviction is automatically invalidated whenever the statutory offense

upon which the conviction is based is subsequently invalidated by the high court.

More important, we take a different view of what the supreme court did when it invalidated the statute that created the crime of predatory criminal sexual assault of a child. Its decision to invalidate Public Act 89—428 was not a statewide reversal of every conviction obtained under that act. We also disagree with the State's view of what the supreme court accomplished when it handed down the decision that reversed the convictions of Robbie Moore and Gomecindo Tellez-Valencia. The supreme court did no more than reverse the convictions of two people who were unhappy with them and who had a reason to have them undone. No one else's case was before the court. The supreme court did not possess the power to instantly invalidate the conviction of every person prosecuted under Public Act 89—428. To be sure, the decision creates a reason for any prisoner who was convicted under that act to have the conviction vacated. But the decision does not automatically undo the convictions of sexual predators who do not seek relief by initiating proceedings before some court.

Under the State's view of the law, no one should be sitting in prison for any conviction obtained under any act that a court of law has invalidated. In the case of Public Act 89—428, convicted sexual predators across the state should have been released from prison in May 1997 when their convictions no longer existed.

If the State's view were to prevail, it would have to confront the fact that Turner should have been released from prison or recharged long before March of 2000. The State would have to answer for the wrongful imprisonment of Turner.

The State has no reason to do so. As long as those who were convicted under Public Act 89—428 take no action, their convictions can support their continued imprisonment. Turner took no action to set aside his convictions. He chose to serve his time.

No court of law has ever been called upon to address the validity of Turner's convictions. There is neither a ruling invalidating them nor an order vacating them.

When the supreme court declared Public Act 89—428 unconstitutional, the declaration's legal effect was to render the legislation void *ab initio*—that is, as if it never existed. However, the supreme court's finding did not rewrite history. Turner's two convictions under the act still existed, albeit subject to legal challenge. Turner was prosecuted under a presumptively valid law. At the time that he entered his guilty pleas, it fully empowered the trial court to accept them. It also empowered the trial judge to impose punishment as a result of those guilty pleas. Indeed, the convictions were obtained through a sound and reliable process by a court of law authorized to act.

The State seems to think that it can unilaterally decide that a conviction is worthless and, based upon that decision, determine when a new trial is in order for someone who has been successfully prosecuted. These are decisions made by the judiciary. Usually they are made after those harmed by a conviction seek relief from it because of some flaw in the process by which it was procured. In rare cases, the State may feel that a conviction was wrongfully obtained. When it does, it can, and should, bring the matter to a court's attention. It should seek to set aside the conviction. However, it cannot seek to overturn someone's conviction in order to increase the penalties imposed or in order to correct prosecutorial mistakes that inured to a defendant's advantage during an earlier prosecution. *Baze*, 43 Ill. 2d at 302-03, 253 N.E.2d at 395.

We cannot treat Turner's convictions as if they never existed. The convictions existed, firmly intact, and justified every day that Turner sat in prison because of them. Those convictions are still intact, and the State does not possess the authority to ignore their efficacy simply because the supreme court has provided Turner with a potential means to have them invalidated. As long as the convictions remain intact, Turner is entitled to constitutional protection from further prosecution for the conduct that underlies them.

The current prosecution of Turner violates the Illinois constitutional guarantee that no person shall be twice placed in jeopardy for the same offense.

Accordingly, for the foregoing reasons, the order of the circuit court of Massac County is hereby reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed; cause remanded.

CHAPMAN[2] and WELCH, JJ., concur.

---

[2]Justice Charles Chapman participated in oral argument. Justice Melissa Chapman was later substituted on the panel and has read the briefs and listened to the audiotape of oral argument.