# Illinois Official Reports

## Appellate Court

---

### *People v. Dunmore*, 2013 IL App (1st) 121170

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD DUNMORE, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-12-1170 |
| Filed | December 24, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant initially was sentenced to probation on his guilty plea to aggravated unlawful use of a weapon and fines and fees were assessed, but his probation was revoked and he was sentenced to two years in prison, and while his appeal was pending, the Illinois Supreme Court issued *Aguilar*, which held that the statute defendant violated was unconstitutional, defendant's original conviction, the order of probation, the subsequent revocation, and the fines and fees were all vacated, since courts have an independent duty to vacate void orders such as those entered in defendant's case. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CR-5825; the Hon. Charles P. Burns, Judge, presiding. |
| Judgment | Vacated. |
| Counsel on Appeal | Michael J. Pelletier and Jean Park, both of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Mary P. Needham and Mari Hatzenbuehler, Assistant State's Attorneys, of counsel), for the People. |

Panel PRESIDING JUSTICE HYMAN delivered the judgment of the court, with opinion.
Justices Pucinski and Mason concurred in the judgment and opinion.

## OPINION

¶ 1      Defendant pled guilty and was convicted of one count of aggravated unlawful use of a weapon, sentenced to 18 months' probation, and assessed $680 in fees and fines. On a later finding that he violated the terms of his probation by possessing a controlled substance, the trial court revoked his probation and sentenced defendant to two years in prison, which he has now served. Defendant appealed only the revocation of his probation and the assessment of the fees and fines. But, while his appeal was pending, the Illinois Supreme Court issued *People v. Aguilar*, 2013 IL 112116, which held that the exact statute defendant pled guilty to violating was unconstitutional on its face. Nevertheless, defendant asks us to leave the void conviction and sentence of probation in place and limit our consideration solely to the subsequent revocation of his probation and the fees and fines. We conclude that we cannot ignore *Aguilar*, which put the parties in the same position as if no conviction had ever existed. Accordingly, we vacate defendant's conviction, the order of probation, the subsequent probation revocation, and the assessed fees and fines.

¶ 2                                              Background

¶ 3      Defendant Edward Dunmore was charged by information with one count of unlawful use of a weapon and six counts of aggravated unlawful use of a weapon. On June 9, 2010, Dunmore entered a negotiated guilty plea in which he would plead guilty to one count of aggravated unlawful use of a weapon in exchange for 18 months' probation. The State nol-prossed the remaining counts. The count to which Dunmore pled guilty stated that on or about February 6, 2010, Dunmore:

> "knowingly carried in a vehicle, a firearm, at a time when he was not on his own land or in his own abode or fixed place of business and the firearm possessed was uncased, loaded and immediately accessible at the time of the offense, in violation of Chapter 720 Act 5 Section 24-1.6(A)(1)/(3)(A) of the Illinois Compiled Statutes 1992 as amended."

¶ 4      The State presented the factual basis for the plea. If the matter had proceeded to trial, Officer Owsianiak would have testified that on February 6, 2010, he conducted a traffic stop of a vehicle driven by Dunmore at 8258 South Stewart Avenue, Chicago. During the course of the stop, the officer observed and recovered a .38-caliber revolver from the center console. The revolver was in plain view and loaded with four live rounds. The court accepted Dunmore's plea of guilty to aggravated unlawful use of a weapon, sentenced Dunmore to 18 months' probation, and imposed $680 in fees and fines.

¶ 5        On September 13, 2011, the State sought leave to file a petition to revoke Dunmore's probation, alleging that Dunmore possessed cocaine on September 12, 2011. On February 29, 2012, the court heard the State's petition, which consisted of testimony that police had found cocaine in a shoebox in Dunmore's bedroom. The court revoked Dunmore's probation and sentenced Dunmore to two years in prison on the underlying offense of aggravated unlawful use of a weapon.

¶ 6        Dunmore then filed a timely notice of appeal and contested the revocation of his probation and three fees and fines.

¶ 7        While Dunmore's appeal was pending, the Illinois Supreme Court issued *People v. Aguilar*, 2013 IL 112116, which held that the same statute Dunmore pled guilty to violating was unconstitutional on its face. *Aguilar*, 2013 IL 112116, ¶ 22. We asked the parties to file supplemental briefs addressing how *Aguilar* affects Dunmore's appeal. See *People v. Gersch*, 135 Ill. 2d 384, 397 (1990) (judicial decisions that declare statute unconstitutional apply to cases pending on direct review). In his supplemental brief, Dunmore contended that his conviction and subsequent probation revocation should be vacated. The State agreed, but requested the case be remanded so that it could reinstate the charges that had been nol-prossed as part of Dunmore's guilty plea. At oral argument, likely in response to the State's contention that it could reinstate the nol-prossed charges, Dunmore asserted that it was not necessary to reach the issue of whether *Aguilar* affects his appeal, as he only appealed his probation revocation and the fees imposed, and not his underlying conviction for aggravated unlawful use of a weapon.

¶ 8                                              Analysis

¶ 9        We find that Dunmore's conviction must be vacated because it is void. Courts have an independent duty to vacate void orders. *People v. Thompson*, 209 Ill. 2d 19, 27 (2004). *Aguilar* held that section 24-1.6(a)(1), (a)(3)(A) of the Criminal Code of 1961 was facially unconstitutional. *Aguilar*, 2013 IL 112116, ¶ 22. This was the exact offense to which defendant pled guilty. When a statute is held facially unconstitutional, it is void *ab initio*, meaning that it is as if the law never existed. See *People v. Tellez-Valencia*, 188 Ill. 2d 523, 526 (1999). A trial court is without jurisdiction to enter a conviction against a defendant based on actions that do not constitute a criminal offense. *People v. Kayer*, 2013 IL App (4th) 120028, ¶ 9. As a result, Dunmore's conviction for aggravated unlawful use of a weapon is void. See *People v. Davis*, 156 Ill. 2d 149, 155 (1993) (where jurisdiction is lacking, any resulting judgment entered is void). Further, because Dunmore's underlying conviction is void, the order of probation based on that conviction was void and the two-year prison sentence imposed after the revocation of his probation is also void. See *People v. McCarty*, 94 Ill. 2d 28, 40 (1983) (because defendant could not have been convicted of underlying offense, order of probation based on that conviction was void and prison sentence based on revocation of this probation was also of no effect).

¶ 10       We are not persuaded by Dunmore's reliance on *People v. Turner*, 325 Ill. App. 3d 185 (2001), to argue that we should not address his underlying conviction for aggravated unlawful use of a weapon. There, the defendant pled guilty to an offense. While he was in prison, the

- 3 -

supreme court struck down the offense. *Turner*, 325 Ill. App. 3d at 186-87. On its own accord, the State considered the defendant's convictions invalid and brought new charges, which was held to violate the defendant's guarantee against double jeopardy. *Id.* at 187, 191. Unlike the defendant in *Turner*, who had done nothing to challenge his convictions, Dunmore initiated an appeal, which was pending when *Aguilar* was announced. As noted above, judicial decisions that declare a statute unconstitutional apply to cases pending on direct review. See *Gersch*, 135 Ill. 2d at 397. Because courts have an independent duty to vacate void orders and may even vacate a void order *sua sponte* (*Thompson*, 209 Ill. 2d at 27), once Dunmore's appeal came before us, we became bound to apply *Aguilar* and must vacate Dunmore's void conviction.

¶ 11    Acknowledging that Dunmore's conviction must be vacated, the State asks us to remand this cause to the trial court to allow the State to reinstate certain nol-prossed charges. It also asserts without argument that whichever charges it reinstates will likely pass constitutional muster.

¶ 12    We decline the State's invitation to review the constitutionality of charges that have not yet been reinstated. We do not review cases merely to guide future litigation or set precedent. *In re Appointment of Special Prosecutor*, 253 Ill. App. 3d 218, 224 (1993). Further, we will not decide abstract questions or render advisory opinions (*People v. Campa*, 217 Ill. 2d 243, 269 (2005)), which essentially is what the State asks this court to do. The State's authority in support of its position that it may reinstate charges is not relevant to the circumstances here. In three of these cases, the State had already recharged the defendant or the defendant had already been tried on the charges that were reinstated, and the defendant challenged the State's action on double jeopardy grounds. *People v. McCutcheon*, 68 Ill. 2d 101, 104-05 (1977); *People v. Cabrera*, 402 Ill. App. 3d 440, 443-44 (2010); *People v. Gorka*, 374 Ill. App. 3d 85, 87-88 (2007). In *People v. Norris*, 214 Ill. 2d 92 (2005), the court stated as a general rule that the State could refile nol-prossed charges in certain circumstances, but ultimately remanded the cause to develop a more complete record of whether the State had properly recharged the defendants in the context of proceedings for traffic offenses. *Norris*, 214 Ill. 2d at 95, 104-05. Unlike those cases, the State has not yet had the opportunity to take action on the nol-prossed charges.

¶ 13    Lastly, in *People v. Zeisler*, 125 Ill. 2d 42 (1988), the supreme court held the State could proceed with an action for arson after the offense of aggravated arson had been declared invalid. *Zeisler*, 125 Ill. 2d at 49. There, however, there was no question as to the constitutionality of the arson statute. Regardless of whether the State is entitled to reinstate charges as a procedural matter, at this point, reinstatement of the charges is hypothetical and so we decline to address the question of the charges passing constitutional muster in light of *Aguilar*.

¶ 14    For the foregoing reasons, we vacate Dunmore's conviction, order of probation, the subsequent probation revocation, and the assessed $680 in fees and fines.

¶ 15    Vacated.