2020 IL App (1st) 180826

FIFTH DIVISION
DECEMBER 18, 2020

No. 1-18-0826

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County, Illinois. |
| | ) | |
| v. | ) | No. 17 CR 10469 |
| | ) | |
| SERVETUS BROWN, | ) | Honorable |
| | ) | Neera Lall Walsh, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Justices Hoffman and Rochford concurred in the judgment and opinion.

**OPINION**

¶ 1     The defendant-appellant Servetus Brown appeals his conviction of being an armed habitual criminal, for which he was sentenced to 10 years' imprisonment.  On appeal, the defendant argues that he was denied his right to be present at a critical stage of trial where all the juror strikes were made at sidebar conferences held off the record and outside his presence, and that his counsel was ineffective for failing to object to this procedure which did not allow him to be present at this critical stage.  He further argues that his conviction for unlawful possession of a firearm in case number 96 CR 3273 (01) should be vacated as void *ab initio*. For the reasons that follow, we affirm the judgment of the circuit court of Cook County in the instant case but vacate the defendant's conviction in case number 96 CR 3273 (01).

¶ 2                                    BACKGROUND

¶ 3     On June 18, 2017, two Chicago police officers, responding to a call of shots fired, were directed to a black sedan where the defendant was sitting in the driver's seat. When the defendant

did not respond to the officers' repeated requests to exit the vehicle, an officer pulled him out of the car. The officers then searched the defendant and recovered a gun from his pants pocket. The officers also recovered two packets of what was later determined to be PCP from the driver's seat.

¶ 4    The defendant was indicted on 21 counts, but the State proceeded to trial on only 2 counts: armed habitual criminal and possession of a controlled substance.

¶ 5    A jury trial commenced on January 9, 2018. The court questioned the venire in panels of four. After questioning the first panel in open court, the court asked to see the attorneys. The record reflects that a sidebar was held off the record. The court repeated this process for the second, third, fourth, and fifth panels, holding a sidebar off the record after questioning each panel.

¶ 6    In the sixth panel, the court first questioned Dennis Eakright. In response to a question regarding whether anything would keep him from participating in jury duty, Eakright responded that he was on medication for injuries he suffered a year ago that left him "not always focused." The court then questioned the next panel member, Barbara Hayler, before asking to see the attorneys and holding another sidebar off the record. Finally, the court questioned the third panel member, Tyler M. Le Pretre, and held a sidebar off the record.

¶ 7    Following this last sidebar, the court announced that it had a jury. Among those not selected for the jury were Dennis Eakright and Barbara Hayler from the sixth panel. After the court dismissed those who were not selected for the jury, it took a short recess before coming back on the record and noting that the State, the defendant, and defense counsel were present. The court then stated: "[W]e just completed jury selection and in the interest of saving a little bit of time, we had sidebars regarding the challenges for cause and for peremptory challenges and now we're going to put them all on the record."

¶ 8    The court then named the jurors that the defendant and the State struck for peremptory

challenges. The court further noted that two jurors were dismissed for cause, by agreement. Dennis Eakright, who was not on the jury, was not mentioned as either a peremptory challenge or a dismissal for cause. The court finally asked if there was "anything else anyone wants to put on the record," to which the State and the defendant responded "no."

¶ 9    At trial, the two arresting officers testified, along with the forensic examiner who tested the substance recovered from the driver's seat of the defendant's car. The State then entered into evidence a stipulation that the defendant had two prior qualifying convictions. (Those convictions did not include his 1996 conviction for possession of a firearm.)

¶ 10    The defendant, whose motion for a directed verdict was denied, then rested his case without putting on any evidence. The jury found the defendant guilty of being an armed habitual criminal but not guilty of possession of a controlled substance.

¶ 11    In February 2018, the defendant's motion for a new trial was denied, and the defendant was sentenced to 10 years' imprisonment. His motion to reconsider sentence was denied on March 19, 2018. The defendant filed a notice of appeal the same day.

¶ 12                                    ANALYSIS

¶ 13    We note that we have jurisdiction to review this matter, as the defendant timely appealed. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 14    The defendant challenges his conviction on the basis that he was deprived of his constitutional right to be present at a critical stage of proceedings—namely, jury selection. Both the federal and State constitutions afford defendants the "'general right to be present, not only at trial, but at all critical stages of the proceedings, from arraignment to sentencing.'" *People v. Aguilar*, 2020 IL App (1st) 161643, ¶ 38 (quoting *People v. Lindsey*, 201 Ill. 2d 45, 55 (2002)); see also U.S. Const. Amend. 14; Ill. Const. art. 1, sec. 8. While it is well settled that jury selection

is a critical stage of trial (*People v. Bean*, 137 Ill. 2d 65, 80, 84 (1990)), it is far less clear whether the exercise of juror challenges is a critical stage of proceedings (see *People v. Spears*, 169 Ill. App. 3d 470, 483 (1988); *People v. Gentry*, 351 Ill. App. 3d 872, 883-84 (2004)). Here, while the defendant was present for *voir dire*, he was absent from the conferences where the State and defense counsel made peremptory challenges and challenges for cause.

¶ 15    At the outset, we note that the defendant did not object to the court's decision to address juror challenges in a sidebar off the record at the time of trial or in a posttrial motion, as required to preserve the issue for review. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (in order to preserve error for review, party must object at trial and file written posttrial motion). Defendant also does not argue plain error, which permits us to review otherwise forfeited issues if the evidence was closely balanced or if the error was so serious that the defendant was denied a fair trial. *In re C.B.*, 386 Ill. App. 3d 735, 745 (2008). Instead, he argues that his trial counsel was ineffective for failing to object to the process which allowed the exercise of challenges to jurors without the defendant being present. A claim of ineffective assistance of counsel requires a defendant to show that (1) his counsel's representation fell below an objective standard of reasonableness; and (2) he suffered prejudice in that there is a reasonable probability that but for counsel's errors the outcome of the proceeding would have been different. *People v. Rouse*, 2020 IL App (1st) 170491, ¶ 46 (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)).

¶ 16    Here, we need not evaluate counsel's performance, because the defendant has not shown prejudice. *People v. Campos*, 2019 IL App (1st) 152613, ¶ 46. Importantly, the right to presence at trial is not a freestanding constitutional right; it is a "lesser right" that serves as a means by which to secure other constitutional rights, such as the right to an impartial jury. *Bean*, 137 Ill. 2d at 80-81. It follows that to show prejudice, the defendant must establish that he was not tried by

an impartial jury. *Id.* at 81 (holding that defendant was not prejudiced by absence from *in camera voir dire* because he did not claim that the jurors selected were not impartial). This he has not done. The defendant claims that it is impossible for him to make this showing because the juror strikes were conducted off the record and therefore, prejudice should be presumed. But this misses the point. It is of no moment if the stricken jurors would have been impartial where the defendant has not shown that the chosen jurors were *not* impartial. "The United States Constitution, as does the Illinois Constitution, guarantees a defendant an impartial jury, *not a jury of his choice.*" *Id.* at 85 (Emphasis added.). Because the defendant has not shown prejudice, we reject his claim of ineffective assistance of counsel arising out of counsel's decision not to object to the defendant's absence during the juror challenge process.

¶ 17    The defendant next challenges his 1996 conviction for unlawful possession of a weapon. In that case, the defendant was convicted under subsection 24-1(A)(4) of the Criminal Code of 2012. 720 ILCS 5/24-1(A)(4) (West 1994). That subsection was held unconstitutional in *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012). Therefore, the defendant now seeks to vacate that conviction as void *ab initio*. See *People v. Dunmore*, 2013 IL App (1st) 121170, ¶ 9 (conviction under facially unconstitutional statute is void).

¶ 18    The State does not dispute that a conviction based on an unconstitutional statute is void, nor does it dispute the unconstitutionality of subsection 24-1(A)(4) of the Code. Instead, the State argues that the defendant may only challenge his 1996 conviction on direct review of that conviction, or in a collateral proceeding, such as a postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)), or a petition filed pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)). Not so. Our supreme court in *In re N.G.*, 2018 IL 121939, ¶ 53 held that a postconviction petition or a section

2-1401 petition are not "the sole means for collaterally attacking the validity of a conviction premised on a facially invalid, and indisputably unenforceable, statute." Instead, the court explained,

> "[W]here a person has been convicted under an unconstitutional statute, he or she may obtain relief from any court that otherwise has jurisdiction. *** Simply put, under Illinois law, there is no fixed procedural mechanism or forum, nor is there any temporal limitation governing when a void *ab initio* challenge may be asserted. [Citation.] Under our precedent, it is sufficient if a person subject to a conviction premised on a facially invalid statute raises his or her challenge through an appropriate pleading in a court possessing jurisdiction over the parties and the case." *Id.* ¶¶ 56-57.

¶ 19    It is undisputed that this court has jurisdiction over the parties and the case, and the defendant also put forth his challenge through an appropriate pleading—an appellate brief. Therefore, we vacate as void the defendant's 1996 conviction in case number 96 CR 3273 (01).

¶ 20                                    CONCLUSION

¶ 21    For the reasons stated, we affirm the judgment of the circuit court of Cook County convicting the defendant of being an armed habitual criminal but vacate the defendant's conviction in case number 96 CR 3273 (01) due to the unconstitutionality of the statute upon which that conviction was premised.

¶ 22    Affirmed in part and vacated in part.

**No. 1-18-0826**

| | |
|---|---|
| **Cite as:** | *People v. Brown*, 2020 IL App (1st) 180826 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 17-CR-10469; the Hon. Neera Lall Walsh, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff and Kieran M. Wiberg, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Aline B. Dias and Conor McNulty, Assistant State's Attorneys, of counsel), for the People. |